**Lucius DAVENPORT, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 1994.
Decided March 20, 1995.

---

Mitchell A. Kaufman, Public Defender, for petitioner.

Robert A. Grevy for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

FRIEDMAN, Judge.

Before this court is a motion filed by the Public Defender of Allegheny County (Counsel) seeking leave to withdraw as appointed counsel for the petitioner, Lucius Davenport, on Davenport's appeal from an order of the Pennsylvania Board of Probation and Parole (Board). We deny Counsel's motion to withdraw.

Davenport was serving an eight to twenty year sentence for third degree murder when paroled on January 18, 1985. Because Davenport had a maximum sentence or release date of March 3, 1995, the unexpired term of his sentence was 10 years, 1 month and 15 days. On September 19, 1991, Davenport was arrested and charged with multiple counts of robbery and conspiracy. On August 23, 1993, he pled guilty and was sentenced to a total term of imprisonment of eight to twenty years. As a result of Davenport's conviction on multiple counts of robbery and criminal conspiracy the Board held a parole revocation hearing on October 29, 1993 and issued a decision recommitting Davenport as a convicted parole violator to serve "624 months of backtime, in effect unexpired term—10 years, 1 month, and 15 days."[1] (Record at 73.) Davenport petitioned for review of the Board's order, contending that the Board's revocation hearing was untimely and that the backtime ordered by the Board was excessive.

By an order filed June 29, 1994, this court appointed Counsel to represent Davenport. On August 2, 1994, Counsel filed a motion to withdraw, contending that the issues raised in Davenport's petition for review are meritless and further prosecution of the appeal would be frivolous. Counsel submitted a "no-merit" letter in support of his position.

In reviewing Counsel's motion to withdraw, we must make an independent evaluation of the proceedings before the Board to determine whether Davenport's appeal is, in fact, meritless. *Frankhouser v. Board of Probation and Parole*, 143 Pa.Commonwealth Ct. 80, 598 A.2d 607 (1991). Before reaching this review, however, we must be satisfied that counsel has fulfilled the technical requirements for withdrawal. *Epps v. Board of Probation and Parole*, 129 Pa.Commonwealth Ct. 240, 565 A.2d 214 (1989).

---

1. Although the Board's order notes that Davenport's unexpired term is 10 years, 1 month and 15 days, which amounts to 121 months and 15 days, it does not limit the backtime to be served by the length of this unexpired term.

In *Epps*, this court, relying on *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), stated that appointed counsel seeking to withdraw may file a "no-merit" letter. A "no-merit" letter must contain (1) the nature and extent of counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in concluding that the petitioner's appeal is meritless. *Frankhouser; Epps.*

■ Our review of the record indicates that Counsel complied with these requirements. Counsel's "no-merit" letter, along with his letter to Davenport, indicates that Counsel has reviewed the record and the applicable law and exercised his professional judgment in reaching the conclusion that Davenport's appeal is meritless. The "no-merit" letter also states the issues Davenport wished to raise and provides the analysis upon which Counsel based his opinion that these issues are meritless.

Now, we address the merits of Davenport's appeal. The first issue appealed involves the timeliness of the Board's hearing. Board regulations relating to recommittal as a convicted parole violator provide that "[a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level...." 37 Pa.Code § 71.4. Here, the Board held a hearing on October 29, 1993, well within 120 days of the guilty verdict of August 23, 1993. Thus, Counsel correctly concluded that the Board's hearing was timely.

■ Next, Davenport contends that the 624 months of backtime ordered by the Board is excessive. Despite the fact that the 624 months of backtime exceeds the remaining length of Davenport's original sentence by nearly 42 years, counsel states that Davenport's objection to the amount of backtime is without merit because the backtime ordered is within the *presumptive* ranges permitted by 37 Pa.Code § 75.2.[2] We cannot agree.

The regulation relied on provides, in pertinent part:

> If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the [presumptive ranges listed in the regulation].

37 Pa.Code § 75.2. This section clearly indicates that the Board may recommit a convicted parole violator "to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled...." However, the Board cannot recommit a convicted parole violator to serve *more than* the balance of his unexpired term. This point has been made recently by our Supreme Court which, in 1990, wrote specifically

> to emphasize the axiomatic principle that:
>
>> The sum total of aggregate backtime imposed by the Board plus the time served prior to parole *cannot* exceed the total aggregate maximum sentence first imposed by the trial court.

*Merritt v. Pennsylvania Board of Probation and Parole*, 524 Pa. 577, 578, 574 A.2d 597, 597–98 (1990).[3]

> "backtime" is merely that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole....
> Section 21.1 of the Parole Act gives the Board the power to return parole violators to prison to serve the *entire remaining balance* of their unexpired terms.
> *Id.* at 43, 483 A.2d at 1047–48 (emphasis in original). Calculation of the amount of backtime is within the Board's discretion, but that discre-

---

2. This regulation sets forth presumptive ranges of parole backtime to be served based upon the severity of the new criminal offense which resulted in the parolee's recommittal. 37 Pa.Code § 75.1. According to the Board's records, the aggregated presumptive range for Davenport's multiple convictions was 30 to 624 months. (Record at 71.)

3. We have distinguished backtime imposed by the Board upon parole violators from sentences imposed by the judiciary upon convicted criminal defendants. In *Krantz v. Board of Probation and Parole*, 86 Pa.Commonwealth Ct. 38, 483 A.2d 1044 (1984), we stated:

This principle cannot be ignored when the Board orders the recommitment of a parolee as a convicted parole violator. The backtime imposed by the Board cannot be more than the entire remaining balance of the unexpired term which Davenport would have been compelled to serve if he had not been paroled. Here, because the maximum time remaining on Davenport's sentence was 10 years, 1 month and 15 days, which is 121 months and 15 days, the Board could not recommit Davenport to serve 624 months, or 52 years, of backtime. If the Board actually meant to recommit Davenport for only the balance of his unexpired term, it should clarify its order. Thus, Counsel erred in concluding that the second basis for Davenport's appeal was meritless.

Our review of the record and of the law indicates that Davenport's appeal is not meritless. Accordingly, Counsel's motion for leave to withdraw is denied. Counsel is directed to file a brief on behalf of Davenport addressing the issue of backtime.

### ORDER

AND NOW, this 20th day of March, 1995, the Motion for Leave to Withdraw as Counsel filed by the Public Defender of Allegheny County is denied. Counsel is ordered to file a brief within thirty days.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. I am perplexed by the majority decision not to grant the Public Defender's (Counsel) request for leave to withdraw. I do not disagree with the majority opinion's holding that Lucius Davenport (Davenport) can only be required to serve the balance of his unexpired term. That law is well settled. I am perplexed because as I read the Pennsylvania Board of Probation and Parole's (Board) order, that's what it has done.[1]

The critical facts are as follows: At the time of his most recent parole, Davenport had an unexpired term of 10 years, 1 month and 15 days. Because he was convicted of 14 counts of Robbery and several counts of Criminal Conspiracy, a parole revocation hearing was held by the Board. As a result of the hearing, the Board issued an order that stated "Recommit as a CPV to serve 624 months. (unexpired term)". (Original record p. 71). The Report of the Board's decision which was sent to Davenport stated the decision as "Recommit to a State Correctional Institution as a CPV to serve 624 months backtime, in effect unexpired term—10

---

tion is limited by the remaining balance of the unexpired term. *See Krantz.*

1. I do not disagree with the majority's determinations that Counsel complied with the technical requirements for withdrawal and that the timeliness issue raised by Davenport is meritless.

years, 1 month, and 15 days." (O.R. p. 73)[2] The form attached to the notice recomputes Davenport's maximum release date by adding 10 years, 1 month and 15 days to the date of custody for serving backtime. (O.R. p. 74).

Davenport filed a petition for review of the decision of the Board contending that 624 months backtime is excessive. This contention is meritless because, even though the Board exercised its discretion in stating the amount of backtime it would impose based on the presumptive ranges for Davenport's convictions, that is, 624 months, it qualified this statement by stating that the effect of the order was a recommitment for Davenport's unexpired term.

The principle is clear. The Board cannot recommit a convicted parole violator to serve more than the balance of his or her unexpired term, so that the aggregate of time served prior to parole and the backtime imposed does not exceed the maximum sentence first imposed by the trial court. *Merritt v. Pennsylvania Board of Probation and*

2.  This is a reproduced copy of the Report of the Board's order:

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 030494

CLIENT NAME: LUCIUS DAVENPORT

PAROLE NO: 4339F

INSTITUTION: STATE CORRECTIONAL INSTITUTION PITTSBURGH

INSTITUTION NO: AP226

AS RECORDED ON 012794 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CPV TO SERVE 624 MONTHS BACKTIME, IN EFFECT UNEXPIRED TERM - 10 YEARS, 1 MONTH, AND 15 DAYS.

- 624 MONTHS FOR THE OFFENSES OF ROBBERY (14 COUNTS) AND CRIMINAL CONSPIRACY (3 COUNTS).

EVIDENCE RELIED ON: COURT RECORD PROVING CONVICTIONS. REASONS: CONVICTIONS IN A COURT OF RECORD ESTABLISHED. NOT AMENABLE TO PAROLE SUPERVISION.

WHILE CONFINED, YOU MUST COMPLY WITH INSTITUTION PRESCRIPTIVE PROGRAM REQUIREMENTS AND HAVE NO MISCONDUCT.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. SEE 37PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

DATE MAILED: MAR 08 1994

(H.R. 10-29-93/DICTATED 03/02/94/WYOSS)

PAROLE VIOLATION MAX DATE: 100503

CC: PUBLIC DEFENDER

JAMES W. RIGGS
BOARD SECRETARY

FILE COPY

73

*Parole,* 524 Pa. 577, 574 A.2d 597 (1990); 37 Pa.Code § 75.2. I believe that is exactly what the Board did in this case. Unfortunately, the majority opinion focuses on the number 624 months, the Board's expression of the number it would order based on the presumptive ranges for the crimes Davenport committed, but fails to deal with the Board's language limiting the backtime ordered to the unexpired term.

Although the Board could have left out the number 624 months, it appears that the choice of a number within the presumptive range with a limitation of up to the balance of the unexpired term is administratively easier. The form used to report the Board's decision does not contain background information, such as the exact balance of the unexpired term. The form includes only the convictions established in the record, the aggregate presumptive range for those convictions (any mitigating or aggravating circumstances, if applicable), and the decision. In filling out the form, the panel members checked recommitment and filled in the blank for months as 624, with the qualifying phrase "unexpired term".[3] At the end of the page, there is a section to be completed by the Case and Records Management Division Staff which states "[i]f backtime is to UNEXPIRED TERM, compute and enter amount of backtime in months." The form contemplates that the panel members will indicate unexpired term which then will be computed by staff and stated in the Board's order.[4]

While I believe the Board's order is clear that it is ordering Davenport to serve only the balance of his unexpired term, the Supreme Court has determined that if the Board's order is ambiguous, we are constrained to interpret the order to comply with the legal principle that recommitment cannot be more than the balance of the unexpired term. *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501

A.2d 1114 (1985). *See also Robinson v. Pennsylvania Board of Probation and Parole,* 103 Pa.Commonwealth Ct. 495, 500–01, 520 A.2d 1230, 1234 (1987). In *Massey,* where the Board ordered recommitment for both technical parole violations and convicted parole violations, the Supreme Court stated:

Although not explicitly stated, we assume the period of recommitment as a technical violator was to run concurrent with the period of recommitment for the conviction violation since any other interpretation would lead to the impermissible result of the appellant remaining incarcerated for a period of time in excess of the sentence originally imposed by the trial judge.

*Massey,* 509 Pa. at 258 n. 7, 501 A.2d at 1115–16 n. 7. In light of this precedent, even if there were some ambiguity about whether the Board ordered the unexpired term or more than the unexpired term, when presented with the merits, we would be required to interpret the Board's order to require a recommitment for the balance of the unexpired term because the other possible interpretation is impermissible. Because the outcome of the case on the merits is controlled by the Supreme Court's decision in *Massey,* even if there is some ambiguity in the Board's order, the issue is meritless.

Because the Board ordered Davenport to serve his unexpired term of 10 years, 1 month, and 15 days, even though expressing that based on the presumptive ranges, it would have imposed 624 months, the recommitment is not excessive and the appeal is meritless. Accordingly, I would permit Counsel to withdraw from this appeal.

---

**3.** This court has previously determined that the use of the phrase "unexpired term" is not ambiguous, referring only to the actual number of time remaining on the original sentence. *Congo v. Pennsylvania Board of Probation & Parole,* 104 Pa.Commonwealth Ct. 511, 522 A.2d 676 (1987).

**4.** The letter denying Davenport's petition for administrative review by the Board is also within the record. (O.R. 78). This letter does not address the limit of backtime imposed to the unexpired term because that issue was not raised by Davenport. The brief letter addresses only Dav-

enport's contentions, which, on this issue, was "624 months of backtime is excessive". In response, the Board correctly argues that 624 months is within the presumptive range relative to Davenport's convictions and, therefore, was within the Board's discretion but does not go beyond the specific issue to address the limit of backtime to his unexpired term. Additionally, this court reviews the order of the Board rather than the denial of administrative appeal which is the means of making the order final and appealable. *See* 37 Pa.Code § 73.1. *See generally* Pa. Rules of Appellate Procedure Chapter 3.