# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Callahan,                                   :
                    Petitioner                   :
                                                 :
          v.                                     : No. 1963 C.D. 2015
                                                 : Submitted: May 6, 2016
Pennsylvania Board of Probation                  :
and Parole,                                      :
                    Respondent                   :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**                       **FILED:  June 3, 2016**


Before this Court is the petition filed by Mark Callahan seeking review of the September 15, 2015 determination of the Pennsylvania Board of Probation and Parole (Board), which recalculated his maximum sentence date to July 28, 2016, and the application of David Crowley, Esq., Chief Public Defender of Centre County (Counsel), for leave to withdraw as the appointed attorney for Mr. Callahan on the basis that the petition for review is without merit.  For the reasons that follow, we grant Counsel's application to withdraw and affirm the order of the Board.

In matters where appointed counsel seeks to withdraw and the petitioner has a constitutional right to counsel, the appointed counsel must submit a brief to the court that complies with the requirements derived from *Anders v. California*, 386 U.S. 738 (1967).  *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).  Where no such constitutional right exists, an appointed counsel

may submit a no-merit letter complying with the requirements articulated by our Supreme Court in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). A no-merit letter must set forth: (i) the nature and extent of appointed counsel's review of the case; (ii) each issue that the petitioner wishes to raise on appeal; and (iii) appointed counsel's explanation of why each of those issues is meritless.[1] *Id.* at 928. In the instant matter, Counsel chose to submit an *Anders* brief in lieu of a no-merit letter. While a no-merit letter will not suffice when an *Anders* brief is required, an *Anders* brief may be submitted in lieu of a no-merit letter; in such an instance, this Court will review the *Anders* brief by the standards applicable to a no-merit letter and permit withdrawal if the *Anders* brief complies with the *Turner* requirements. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009).

Counsel's brief contains a thorough review of the factual and procedural history underlying this appeal and includes relevant citations to the certified record. (*Anders* Brief at 5-11.) Counsel also explains why he believes that an *Anders* brief was the more appropriate vehicle with which to request withdrawal. In his brief, Counsel addresses each of the issues Mr. Callahan raised in his petition for review, including that (i) the recalculation violated due process by lengthening a judicially imposed sentence; (ii) Section 6138 of the Prisons and

---

[1] In addition to the no-merit letter submitted to the court, appointed counsel is also required to: (i) notify his client of his application to withdraw as appointed counsel; (ii) provide his client with a copy of the no-merit letter submitted to the court; and (iii) advise his client of the right to retain new counsel or to proceed *pro se*. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). Counsel submitted an application to withdraw with this Court on October 9, 2015 detailing his compliance with each of these notification requirements.

Parole Code[2], 61 Pa. C.S. § 6138, is unconstitutional; and (iii) the Board failed to properly recalculate his maximum sentence date. (*Anders* Brief at 18, 20, 22.) Finally, Counsel has addressed each issue raised by Mr. Callahan and explained why the issues not only lack merit but are indeed frivolous. (*Id.*) Accordingly, we grant Counsel's application to withdraw.

Mr. Callahan has not retained substitute counsel or submitted an uncounseled brief in support of his petition. Having permitted Counsel to withdraw, we will now conduct an independent evaluation of the proceedings before the Board to determine if Mr. Callahan's challenge to his maximum sentence date has merit.[3]

Mr. Callahan was paroled from a State Correctional Institution (SCI) on February 8, 2010 and recommitted as a technical parole violator on November 2, 2010. (Certified Record (C.R.) at 25.) At that time, Mr. Callahan continued to receive credit towards his original sentence for 267 days spent at liberty on parole. (*Id.*) Mr. Callahan was again paroled from a SCI on September 14, 2011 with a maximum sentence date of June 28, 2013. (C.R. at 31, 35.) Each time Mr. Callahan was paroled, Mr. Callahan agreed to a list of conditions governing his parole and received notice that he could be recommitted for a violation of those conditions or as a result of new criminal charges without receiving credit against his original sentence for time spent at liberty on parole. (C.R. at 28-30.) On March 12, 2013, Mr. Callahan was arrested on new criminal charges, and on

---

[2] 61 Pa. C.S. §§ 101-6309.

[3] Our review of the Board's decision is limited to determining whether the Board's findings are supported by substantial evidence, whether an error of law was committed, and whether constitutional rights were violated. *Williams v. Pennsylvania Board of Probation and Parole*, 68 A.3d 386, 388 n.3 (Pa. Cmwlth. 2013).

March 13, 2013, the Board detained Mr. Callahan as a technical parole violator pending disposition of his criminal charges. (C.R. at 33-35, 37.) Mr. Callahan was released on his own recognizance on May 9, 2013 but remained confined due to the Board's detainer until June 28, 2013, at which point he was released from an SCI. (C.R. at 42, 103.) On July 24, 2013, the court changed Mr. Callahan's bail from released on his own recognizance to monetary bail. (C.R. at 42.) On December 17, 2013, Mr. Callahan pled guilty to new criminal charges and was sentenced to a new term of imprisonment. On March 10, 2014, the Board again lodged its detainer. (C.R. at 42, 65-67.) Following a hearing on March 11, 2014, Mr. Callahan was recommitted as a technical and a convicted parole violator with backtime to be served when he completed his county sentence. (C.R. at 67-100.) Mr. Callahan's maximum sentence date was recalculated at this time to July 28, 2016. (C.R. at 103.) On March 20, 2015, Mr. Callahan was paroled from his county sentence. (C.R. at 50.) Mr. Callahan challenged his recalculated maximum date by way of letter and an administrative remedies form, arguing that the Board's action lengthened his judicially imposed sentence of 7 ½ to 15 years and contending that his maximum date should be July 28, 2015. (C.R. at 108-109, 112.) On September 15, 2015, the Board denied relief and on October 9, 2015, Mr. Callahan filed a petition for review with this Court.

At Mr. Callahan's March 11, 2014 recommitment hearing, a certified record of his new criminal conviction was submitted into evidence without objection. (C.R. at 7-8.) Based on this evidence, Mr. Callahan was recommitted as a convicted parole violator and the Board had authority pursuant to Section 6138(a)(2) of the Prisons and Parole Code to recalculate Mr. Callahan's maximum sentence date to reflect no credit for time spent at liberty on parole, including the

4

267 days of street time from 2010 and the 289 days remaining on Mr. Callahan's sentence when he was paroled on September 14, 2011. 61 Pa. C.S. § 6138(a)(2).[4] However, because Mr. Callahan was incarcerated solely due to the Board's detainer from March 13, 2013 until March 23, 2013 and from May 9, 2013 until June 28, 2013, a total of 60 days, the Board was required to credit Mr. Callahan's original sentence for this time. Accordingly, when the Board recommitted Mr. Callahan, it recalculated his maximum sentence date to reflect the additional 496 days owed on his original sentence. The Board acted within its authority and did not err in recalculating Mr. Callahan's maximum sentence date. *See, e.g. Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (*en banc*) (holding that when a parolee is recommitted due to a new criminal conviction, his maximum sentence date may be extended to account for all street-

---

[4] Section 6138 of the Prisons and Parole Code specifies the powers and duties of the Board to address violation of the terms of parole, providing, in relevant part:

> (a) Convicted violators.—
>
> > (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
> >
> > (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa. C.S. § 6138(a).

time, regardless of good or delinquent standing); *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581, 584 (Pa. Cmwlth. 1995) (accord). Mr. Callahan's argument to the contrary is without merit.

Mr. Callahan's challenge to the constitutionality of the Board's action is equally without merit. The Board did not extend Mr. Callahan's judicially imposed sentence; the Board merely determined Mr. Callahan forfeited the time he spent at liberty on parole as a result of his new criminal conviction. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980) (upholding the constitutionality of the Board's authority to deny a convicted parole violator credit for time spent at liberty on parole and holding that "when the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled."); *see also Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003) (accord). Moreover, Mr. Callahan had notice, a hearing and a full opportunity to be heard and seek review of the Board's decision. The Board did not tread upon Mr. Callahan's constitutional rights by denying him credit for time spent at liberty on parole; rather, the Board acted in accordance with clear statutory authority provided by the General Assembly.

Mr. Callahan's request for relief is without merit; accordingly, we grant Counsel's request to withdraw and we affirm the order of the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Callahan,
        Petitioner

        v.

Pennsylvania Board of Probation
and Parole,
        Respondent

:
:
:
: No. 1963 C.D. 2015
:
:
:
:
:

## ORDER

AND NOW, this 3rd day of June, 2016, the application of David Crowley, Esq., Chief Public Defender of Centre County, for leave to withdraw as appointed counsel for Mark Callahan is GRANTED and the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**