# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Calvin Ledbetter, : 
                Petitioner : 
                       : 
             v. : No. 1209 C.D. 2015
                       : Submitted: September 1, 2017
Pennsylvania Board of Probation and : 
Parole, : 
                Respondent : 

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: October 16, 2017**


Calvin Ledbetter (Ledbetter) petitions for review of a July 13, 2015 Decision of the Pennsylvania Board of Probation and Parole (Board) that denied Ledbetter's Administrative Appeal and affirmed its April 17, 2015 Order recommitting him as a technical parole violator (TPV) and convicted parole violator (CPV) and recalculating his maximum sentence date to September 8, 2018. Ledbetter is represented in this matter by court-appointed counsel Harry J. Cancelmi, Jr., Esquire (Counsel). Presently before this Court for disposition is Counsel's Amended Application for Leave to Withdraw Appearance (Amended Application to Withdraw), with a "no merit" letter attached, which is based on his conclusion that

Ledbetter's argument on appeal lacks a basis in law or fact and is therefore without merit. For the reasons that follow, we grant Counsel's Amended Application to Withdraw.

The facts in this matter were set forth by this Court in *Ledbetter v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1209 C.D. 2015, filed October 24, 2016), slip op. at 2-6:

> On January 31, 2006, Ledbetter was sentenced to serve 2 years, 6 months to 10 years in a State Correctional Institution (SCI) after pleading guilty to the manufacture, sale, delivery, or possession with intent to deliver a controlled substance. Ledbetter's original minimum release date was May 26, 2008, and his maximum release date was November 26, 2015. (Sentence Status Summary, C.R. at 1.) The Board granted Ledbetter parole on January 29, 2008, and he was released on May 28, 2008. (C.R. at 8-9.)
>
> On January 7, 2010, Ledbetter was arrested for continued drug use and failure to respond to sanctions, and was transported to SCI-Pittsburgh. (Supervision History, C.R. at 37.) On February 23, 2010, the Board recommitted Ledbetter to a SCI as a TPV for violation of condition #5[a], use of drugs. (Board Decision, mailed Feb. 24, 2010, C.R. at 10-11.) In its recommitment decision, the Board indicated that Ledbetter would be reparoled to an approved plan upon successful completion of the parole violator therapeutic community program. (*Id.*) Ledbetter was reparoled and released on July 22, 2010. (C.R. at 14.) On July 30, 2010, Ledbetter was arrested by the Butler City Police after being observed selling heroin to an individual. Ledbetter's case was continued pending disposition of the outstanding charges. By decision mailed November 29, 2011, the Board recommitted Ledbetter to serve 9 months backtime as a TPV for multiple technical parole violations. (C.R. at 17-18.) On October 12, 2012, the Board reparoled Ledbetter, and he was released to his mother's home on November 20, 2012. (Board Decision, C.R. at 21.)
>
> On April 12, 2014, Ledbetter was arrested by the Pennsylvania State Police for driving under the influence of alcohol or controlled substance (DUI)-1st offense, driving while operating privilege is suspended or revoked, and exceeding the maximum speed limit, and

2

detained in Allegheny County Prison. (Criminal Arrest and Disposition Report, C.R. at 28; Police Criminal Complaint, C.R. at 31-32.) The Board issued a warrant to commit and detain Ledbetter the same day. (C.R. at 27.) At the prison, it was discovered that Ledbetter was concealing "two eight balls of cocaine, 47 stamp bags of heroin, and a small amount of marijuana" in his rectum, and additional charges were filed later. (C.R. at 28, 70.) Ledbetter posted bail the next day. (C.R. at 57.) Ledbetter was also found to have committed technical parole violations of #5a, use of drugs, as a result of the new criminal charges. (Notice of Charges and Hearing, C.R. at 40.) On April 22, 2014, Ledbetter signed a Waiver of Violation Hearing and Counsel/Admission Form, and admitted to violating the terms and conditions of his parole. (C.R. at 42-43.)

On May 12, 2014, the Board rendered a decision to detain Ledbetter pending disposition of the April 12, 2014 criminal charges, to recommit Ledbetter as a TPV to a SCI/Contracted County Jail for six months, and to reparole Ledbetter upon successful completion of prescribed programs if no misconducts, but not later than six months. (Board Decision, C.R. at 54.) The Board Decision also indicated that Ledbetter would be reparoled automatically without further action of the Board upon completion of prescribed programs and subject to certain conditions. (*Id.* at 55.)

On January 12, 2015, Ledbetter pled guilty to possession with intent to deliver a controlled substance, DUI-1st offense, and driving while operating privilege is suspended or revoked, and the other charges were withdrawn. (Criminal Arrest and Disposition Report, C.R. at 70.) In the Court of Common Pleas of Allegheny County, Ledbetter was sentenced to 1 to 2 years confinement in SCI-Greene plus 72 hours time served, 3 years of state-supervised probation plus an additional 6 months of county regular probation, also state-supervised, to be served concurrent with the 3 years of probation. (Order of Sentence, C.R. at 71-72.) Ledbetter received 20 days credit for time served. (CR. at 72.) The Board received official verification of Ledbetter's convictions on February 4, 2015. (C.R. at 70.)

Ledbetter signed a Waiver of Revocation Hearing and Counsel/Admission Form on February 11, 2015, and admitted to pleading guilty to the new criminal charges. By Board Decision mailed on April 17, 2015, the Board modified its May 12, 2014 decision, by deleting the reparole provision, reaffirming its prior action to recommit Ledbetter as a TPV to serve 6 months backtime, and recommitting Ledbetter to a SCI to serve a total of 36 months backtime as a CPV.

3

(Board Decision, Apr. 17, 2015, C.R. at 116.) The Board determined that Ledbetter had 1,101 days left on his original sentence. However, prior to his reparole, Ledbetter was at liberty on parole for 589 days, from May 28, 2008 to January 7, 2010, and 8 days, from July 22, 2010 to July 30, 2010, for a total of 597 days. The Board denied Ledbetter credit for this time at liberty on parole based on his new criminal conviction. Ledbetter was given credit for 88 days, from November 3, 2008 to January 30, 2009, and 275 days, from April 12, 2014 to January 12, 2015, which left Ledbetter with 1,335 days of backtime remaining and yielded a new maximum date of September 8, 2018, based on a return to custody date of January 12, 2015. (Order to Recommit, C.R. at 114.)

Ledbetter filed a timely Administrative Appeal and Petition for Administrative Review, pro se, on May 2, 2015, challenging the recalculation of his maximum sentence date, which caused him to serve more than the balance of his original unexpired sentence, and the Board's imposition of "34 months" backtime, in violation of 37 Pa. Code §§ 75.1 and 75.2 and *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581 (Pa. Cmwlth. 1995). (Administrative Appeal, C.R. at 118.) Ledbetter also alleged unspecified constitutional violations and requested that an attorney be appointed to represent him.

The Board denied Ledbetter's Administrative Appeal and Petition for Administrative Review and reaffirmed its prior decision, reasoning that it had the statutory authority to recalculate Ledbetter's maximum sentence date to September 8, 2018, based on his recommitment as a CPV and indicating that he received no credit for all of the periods of time he spent at liberty on parole pursuant to Section 6138(a)(2) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a)(2). (Board Decision, July 13, 2015, C.R. at 128.) The Board also indicated that Ledbetter does have the right to counsel, but that it could not appoint counsel for him, and that Ledbetter's due process rights were satisfied. On July 16, 2015, Ledbetter filed a Petition for Review, pro se, with this Court seeking review of the Board's July 13, 2015 Decision. By Order dated July 29, 2015, this Court appointed the Public Defender of Greene County to represent Ledbetter. Counsel entered his appearance on behalf of Ledbetter on August 10, 2015. (Entry of Appearance, filed August 17, 2015.) Counsel subsequently filed the Application [for Leave] to Withdraw [Appearance (Application to Withdraw)], along with his No-Merit Letter, on March 21, 2016.

4

*Ledbetter*, slip op. at 2-6 (footnotes omitted).

By Order dated October 24, 2016, this Court denied Counsel's initial Application to Withdraw because Counsel did not fully address Ledbetter's argument in his appeal. This Court ordered Counsel to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Ledbetter's Petition for Review. Counsel subsequently filed the Amended Application to Withdraw, along with an amended No-Merit Letter, on August 17, 2017.[1]

Under our precedent, in order for appointed counsel to withdraw, he must file a "no-merit" letter/*Turner* letter, which must detail: "the nature and extent of [counsel's] review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). Further, "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (citations omitted). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006) (internal citations omitted). If these requirements are satisfied, this Court must then "conduct its own independent review of the petition

---

[1] We are aware that our Order dated August 9, 2017, required Counsel's Amended Application to Withdraw to be filed no later than August 15, 2017, and thus, it was filed two days late. For reasons of judicial economy, we will consider the Amended Application to Withdraw.

to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48 (citation omitted). Therefore, before considering the merits of Ledbetter's appeal, we must first evaluate Counsel's No-Merit Letter and determine whether it complies with *Turner*.

After reviewing the record, we conclude that Counsel complied with the requirements for no-merit letters as outlined by *Turner*. Counsel served Ledbetter with a copy of the amended No-Merit Letter and Amended Application to Withdraw, notifying Ledbetter that he may either obtain substitute counsel or file a brief on his own behalf. (Amended Application to Withdraw at 2; No-Merit Letter at 7; Certificate of Service, filed Aug. 17, 2017.) Additionally, in his No-Merit Letter, Counsel sets forth the extensive facts and procedural history of Ledbetter's case, thus, satisfying his obligation to thoroughly review the certified record in this matter. *Zerby*, 964 A.2d at 960-61. Counsel notes that Ledbetter raises one issue in his Petition for Review:

> Did the Board err in recalculating the maximum sentence of the offender from November 26, 2015 to September 8, 2018 (a period of 2 years, 9 months, and 13 days, or 33.4356 months, or 1[,]017 days) by imposing a term of recommitment, i.e., backtime, following his conviction that unlawfully extended his judicially-imposed sentence by exceeding, in the aggregate, the time he had remaining on his original sentence?

(No-Merit Letter at 4.) Finally, Counsel fully addresses why Ledbetter's argument on appeal is without merit. We will, therefore, now independently review the merits of Ledbetter's argument to determine whether to grant or deny Counsel's Amended Application to Withdraw.[2] *Turner*, 544 A.2d at 928.

---

[2] Our Court's review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed,

Turning to the substance of Counsel's No-Merit Letter, Counsel states in the Discussion section of the No-Merit Letter that Ledbetter argues that "adding 34 months of backtime onto his original maximum date of November 26, 2015, for a new maximum date of September 8, 2018, violates *37 Pa. Code §§ 75.1* and *75.2* (relating to presumptive ranges) and *Davenport*." (No-Merit Letter at 4 (emphasis in original).) Ledbetter acknowledges that he can be recommitted to serve the additional part of his term that he would have been compelled to serve in accordance with the presumptive ranges listed in the regulation. However, he cites to *Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. 1990) (holding that "The sum total of aggregate backtime imposed by the Board plus the time served prior to parole **cannot** exceed the total aggregate maximum sentence first imposed by the trial court." (emphasis in original)), as support for his argument that even if the backtime was within the presumptive range, the Board cannot require him to serve all of his backtime if it exceeds, in the aggregate, the time remaining on his original sentence.

Here, the amount of backtime ordered was within the presumptive range. Section 75.1(a) of the Board's regulations provides: "Presumptive ranges of parole backtime to be served will be utilized if a parolee is convicted of a new criminal offense while on parole and the Board orders recommitment as a [CPV] after the appropriate revocation hearing." 37 Pa. Code § 75.1(a). The presumptive ranges for parole violations are found in Section 75.2 of the Board's regulations, 37 Pa. Code § 75.2. In accordance with the Board's regulations, "[i]f the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have

_____

or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. and Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

7

been compelled to serve had he not been paroled, in accordance with the [prescribed] presumptive ranges." 37 Pa. Code § 75.2. The presumptive range for the manufacture, delivery, or possession with intent to manufacture or deliver is 24 to 36 months, and the presumptive range for driving while under the influence is 3 to 6 months. *Id.* Therefore, the minimum presumptive range for the two offenses is 27 months, and the maximum presumptive range is 42 months. Here, the Board imposed 36 months, which is within the maximum presumptive range for parole violations resulting from conviction of the two offenses. Therefore, the Board did not err in imposing 36 months of backtime, and Counsel did not err in determining that the 36 months was within the presumptive range.

However, Ledbetter argues that even if the backtime is within the presumptive range, it violates *Davenport* if the backtime, in the aggregate, exceeds the time remaining on his original sentence. Counsel explains that the Board's recalculation of Ledbetter's maximum sentence date does not extend his sentence, but "it merely declines to credit the offender for the time he spent on parole." (No-Merit Letter at 5.) Additionally, Counsel distinguishes this situation from *Davenport* by explaining that "Ledbetter's backtime sentence was limited to a fixed number of days and not to a vague 'unexpired term' or period in excess of the Board guidelines." (*Id.*) This Court explained in *Davenport* that "[t]he backtime imposed by the Board cannot be more than the entire remaining balance of the unexpired term which [the parolee] would have been compelled to serve if he had not been paroled." 656 A.2d at 584.

To illustrate that the Board's calculation of backtime meets this requirement, Counsel explains that when Ledbetter was paroled on November 20, 2012, there were 1,101 days remaining on his original maximum sentence. The Board, however, decided not to credit Ledbetter for any of the time he spent at liberty on parole for

8

the periods from May 28, 2008 to January 7, 2010, 589 days, and July 22, 2010 to July 30, 2010, 8 days. This added an additional 597 days to the 1,101 days remaining on his sentence for a total of 1,698 days. However, Ledbetter was given credit for 88 days from November 3, 2008 to January 30, 2009, and 275 days from April 12, 2014 to January 12, 2015. After this credit, Ledbetter was left with a balance of 1,335 days remaining on his original maximum sentence. Adding the 1,335 days (or approximately 43.89 months, or 3 years, 7 months, 28 days) to Ledbetter's return to custody date of January 12, 2015, yields a new maximum sentence date of September 8, 2018.

In sum, the Board's imposition of 36 months backtime, and the forfeiture of credit for time at liberty, totaling 43 months of backtime altogether, is not more than the balance of the unexpired term Ledbetter would have otherwise been compelled to serve had he not been paroled. Thus, the Board did not err in recalculating Ledbetter's maximum sentence.

Our review of the record and law indicates that Ledbetter's appeal is meritless, and accordingly, we grant Counsel's Amended Application to Withdraw and affirm the Board's July 13, 2015 Decision.

 

**RENÉE COHN JUBELIRER,** Judge

9

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Calvin Ledbetter,                                  :
                          Petitioner     :
                                                           :
              v.                                   :      No. 1209 C.D. 2015
                                                           :
Pennsylvania Board of Probation and    :
Parole,                                            :
                          Respondent    :

# **O R D E R**

**NOW**, October 16, 2017, the Amended Application for Leave to Withdraw Appearance filed by Harry J. Cancelmi, Jr., Esquire, (Counsel) is hereby **GRANTED**, and the Decision of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge