IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Phillips,      :
     Petitioner  :
          :
 v.         : No. 1673 C.D. 2019
          : SUBMITTED: October 30, 2020
Pennsylvania Board of    :
Probation and Parole,    :
     Respondent :

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER        FILED: December 18, 2020

  Petitioner Derrick Phillips (Phillips) petitions for review of Respondent Pennsylvania Board of Probation and Parole's (Board)[1] October 29, 2019 ruling. Through this ruling, the Board did two things. First, it affirmed its April 5, 2019 decision, in which it modified decisions regarding Phillips issued on February 16, 2017, and July 20, 2017, by increasing the amount of backtime imposed upon Phillips, listing him for reparole review, and recalculating the maximum date on his controlling carceral sentence. Certified Record (C.R.) at 76-77, 99-100. Second, the Board dismissed as untimely Phillips' administrative challenge to its July 20, 2017 decision, through which it modified its February 16, 2017 decision by stating that it would not award him credit for time served at liberty on parole due to "unresolved

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

drug and alcohol issues." *Id.* at 69. We reverse and remand for further proceedings consistent with this opinion.

## I. Facts and Procedural History

After being found guilty of one count of attempted murder, Phillips was sentenced on March 5, 2001, in the Court of Common Pleas of Delaware County to between 8 years and 9 months and 17 years and 6 months in state prison. *Id.* at 1. Phillips was subsequently released on parole on March 17, 2008. *Id.* at 30.

While on parole, Phillips was arrested and charged in Chester County on two separate matters. *Id.* at 21. In the first, Phillips pled guilty in the Court of Common Pleas of Chester County on June 16, 2010, to two counts of possession with intent to deliver, for which he received an aggregate sentence of three to six years in state prison. *Id.* In the second, Phillips pled guilty in the Court of Common Pleas of Chester County on December 13, 2010, to one count each of driving under the influence and driving under suspension, for which he received an aggregate sentence of two to six months, to be served consecutively with his June 2010 sentence. *Id.* On August 10, 2015, Phillips was again released on parole, at which point in time the maximum date on his March 2001 sentence was December 17, 2019. *Id.* at 6, 8-13.

On April 4, 2016, Phillips was arrested in Delaware County and charged with a number of drug possession-related crimes. *Id.* at 13-17. In response to this arrest, the Board issued a warrant to commit and detain Phillips the following day. *Id.* at 18. On June 1, 2016, the Board again ordered that Phillips be detained, pending resolution of the charges stemming from his April 4, 2016 arrest. *Id.* at 19. On September 14, 2016, Phillips was found guilty in the Court of Common Pleas of Delaware County of one count each of possession with intent to deliver, use or possession of drug paraphernalia, and criminal conspiracy. *Id.* at 46-47. On

November 10, 2016, the Court of Common Pleas of Delaware County sentenced Phillips to two to six years in state prison and recommended that Phillips be evaluated to determine whether he had substance abuse issues. *Id.* at 20, 46-47.

On December 8, 2016, Phillips waived his right to both a parole revocation hearing before the Board, as well as to counsel, and admitted to the veracity of his September 2016 conviction. *Id.* at 26-27. That same day, the Board prepared a hearing report, in which it noted that "[t]here were no indications of drug use [by Phillips,]" and recommended that he be given 18 months of backtime as a convicted parole violator (CPV) on account of his September 2016 conviction, but no credit for time served at liberty on parole, due to his "[c]onviction in court of record established." *Id.* at 31-35. The hearing report also noted that "[t]his is a repeat of the present offense. It is recommended that the street time[, *i.e.*, time served at liberty on parole] be taken [and, thus, that Phillips should be given no credit for street time]." *Id.* at 39. Board members Audrey L. Donald and Mark Koch signed off on the hearing report on December 15, 2016, and January 4, 2017, respectively. *Id.*

In spite of this, the Board issued a decision on February 16, 2017, that deviated from the hearing report.  In this report, the Board appeared to give Phillips full credit for all of the time he served at liberty on parole between being paroled in August 2015 and arrested in April 2016, recommitted him as a CPV to serve one year, four months, and two days of backtime, and recalculated the maximum date on his March 2001 sentence as May 9, 2018. *Id.* at 60-61.[2] Phillips filed a timely appeal of this

---

[2] The Board's recommitment order, which is dated February 3, 2017, states that Phillips forfeited 0 days of "[p]rior [p]arole [l]iberty" and owed only 490 days, *i.e.*, 1 year, 4 months, and 2 days of backtime on his March 2019 sentence. *See* C.R. at 58-59. Given the Board's apparent award of street time credit, it could not impose upon Phillips more than 490 days of backtime, as, factoring in the street time credit, 490 days was the amount of unserved time remaining on Phillips' March 2091 sentence. *Davenport v. Pa. Bd. of Prob. & Parole*, 656 A.2d 581, 583 (Pa. Cmwlth. **(Footnote continued on next page…)**

decision, in which he argued that the Board had unlawfully extended his judicially imposed March 2001 sentence, improperly failed to allow him to participate in a parole revocation hearing, and, confusingly, had erroneously declined to award him street time credit or explain why it had not elected to do so. *Id.* at 62-66.

On June 16, 2017, the Office of Board Secretary (Office) mailed Board member Koch a letter regarding Phillips' parole situation. In this letter, the Office requested, "[p]ursuant to the Pennsylvania Supreme Court's decision in *Pittman v.* [*Pennsylvania Board of Probation and*] *Parole*, [159 A.3d 466 (Pa. 2017), that Koch] provide [his] reason for denying credit for time served at liberty on parole in [Phillips'] matter." C.R. at 68. The letter listed 8 suggested explanations, as well as a blank for "[o]ther" that could be supplemented with additional written explanation. *See id.* Koch signed the letter, circled one of the suggested explanations, "[u]nresolved drug and alcohol issues[,]" and returned the letter to the Office on June 30, 2017. *Id.* There is no evidence in the certified record showing that any other Board member agreed to this change.

On July 20, 2017, the Board issued another decision regarding Phillips' parole revocation. Through this decision, the Board modified its February 16, 2017 decision by stating that it had elected not to award Phillips any street time credit, due to his "[u]nresolved drug and alcohol issues." *Id.* at 69. Despite this, the Board did not change the maximum date on Phillips' March 2001 sentence, leaving it as May 9, 2018. *Id.*

On July 24, 2020, the Board issued a ruling which affirmed its February 16, 2017 decision. In this ruling, the Board noted, among other things, that it had modified its reasoning for denying Phillips street time credit through its July 20,

_____

1995) ("[T]he Board cannot recommit a [CPV] to serve *more than* the balance of his unexpired term.").

4

2017 decision. *Id.* at 72. In addition, it informed Phillips that "[t]o the extent [he did] not agree with this decision [to deny such credit due to 'unresolved drug and alcohol issues,' he could [administratively] appeal the Board['s July 20, 2017 decision]." *Id.*

Phillips then filed a timely administrative appeal of the Board's July 20, 2017 decision. Therein, Phillips argued that the Board had not held a timely parole revocation hearing, had violated his due process rights by failing to allow him to participate in a parole revocation hearing, and abused its discretion by declining to award him credit for time served at liberty on parole. *Id.* at 90-91. Inexplicably, the Board took no further action for nearly two years, despite Phillips' repeated inquiries, until it issued yet another decision on April 5, 2019. *See id.* at 80-83, 87-89, 93-97. In this most recent decision, the Board modified its previous two decisions in this matter, from February 16, 2017, and July 20, 2017, by increasing the amount of backtime imposed upon Phillips to 18 months, listing him for reparole review, and recalculating the maximum date on his March 2001 sentence as May 13, 2021. *Id.* at 82-83.

Phillips then filed a timely administrative appeal of the Board's April 5, 2019 decision. Therein, he argued that the Board's alteration of the terms of his parole revocation violated the constitutional prohibition against double jeopardy, impinged upon his due process rights due to the lack of a hearing, incorrectly calculated his maximum date by failing to properly credit him for time served, and unlawfully stripped him of already-awarded credit for street time. *Id.* at 78-79. The Board responded by issuing a ruling on October 29, 2019, which affirmed its April 5, 2019 decision and dismissed his administrative appeal of that decision as untimely because he had filed that appeal more than 30 days after the Board's issuance of its

5

original February 16, 2017 decision in contravention of the directive it had given Phillips through its July 20, 2017 decision. *Id.* at 99-100.

This appeal followed.

## II. Discussion

On appeal,[3] Phillips articulates a number of challenges to the Board's October 29, 2019 ruling, which we have reordered and restated for clarity's sake. First, the Board erred by dismissing as untimely Phillips' administrative appeal of the Board's July 20, 2017 decision. Phillips' Br. at 16-17. Second, the Board abused its discretion, committed errors of law, and violated Phillips' constitutional right to due process by declining to give him street time credit without also contemporaneously providing a legally adequate explanation for this decision, and then offering an explanation for this refusal that was not supported by substantial evidence. *Id.* at 13-16. Third, the Board abused its discretion, committed errors of law, and violated Phillips' constitutional right to due process by using its April 5, 2019 decision to retroactively revoke already-awarded street time credit, increase the amount of backtime imposed upon him, and recalculate the maximum date on his March 2001 sentence. *Id.* at 17-21.

We agree with Phillips that his administrative appeal of the Board's July 20, 2017 decision was timely. Under the Board's regulations, a parolee has 30 days to appeal a Board decision, calculated from the date of the decision's mailing. 37 Pa. Code § 73.1(a)(1), (b)(1). As already noted, the Board's July 20, 2017 decision

---

[3] Our review of a Board adjudication is limited to determining whether the Board abused its discretion, committed an error of law, or violated a parolee's constitutional rights. *Smoak v. Talaber*, 193 A.3d 1160, 1163 n.2 (Pa. Cmwlth. 2018). The Board abuses its discretion when it makes a determination that is not supported by substantial evidence. *Brown v. Pa. Bd. of Prob. & Parole*, 806 A.2d 984, 986 (Pa. Cmwlth. 2002). "'Substantial evidence' has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chapman v. Pa. Bd. of Prob. & Parole*, 484 A.2d 413, 416 (Pa. Cmwlth. 1984).

modified its earlier February 16, 2017 decision by stating that the Board had elected not to award Phillips any credit for time served at liberty on parole because of Phillips' "[u]nresolved drug and alcohol issues." *See* C.R. at 69. Phillips' administrative appeal of the July 20, 2017 decision was undoubtedly timely, given that the July 20, 2017 decision clearly effected material alterations upon the February 16, 2017 decision, rather than mere clerical or typographical corrections, and Phillips administratively appealed these changes within the required 30-day time window. Were we to conclude otherwise, the Board would be able to effect substantive modifications to its parole revocation decisions without affording the affected parolee any ability to challenge these changes.

Turning to the substantive arguments presented by Phillips, we agree that the Board abused its discretion by electing not to award him any credit for time served at liberty on parole. Under the Parole Code, when the Board recommits a parolee as a CPV,

> (2) . . . the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138. Our Supreme Court has interpreted this statutory language as creating a requirement that the Board "provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. The explanation for denying such credit "does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. Though the Board's explanatory burden is not a heavy one, "[its] given reason must be 'accurate' and 'relate[d]' to the parolee's offenses." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019) (quoting *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018)). In addition, "the Board's stated reason [must be] documented in the record and afford[] the parolee notice of the specific acts being referenced." *Plummer*, 216 A.3d at 1212.

Since none of Phillips' September 2016 convictions fell within the exceptions set forth in Section 6138(2.1) of the Parole Code, the Board was therefore required to proffer a legally sufficient explanation, per *Pittman*, for why it had elected not to award him credit for time served at liberty on parole. Here, however, the Board failed to satisfy even this minimal requirement. The record reflects that, though Phillips' September 2016 convictions were all for drug possession-related crimes, *there was no evidence whatsoever that Phillips was still a substance abuser*. None of these convictions pertained to Phillips' use of illicit or intoxicating substances and, furthermore, the Board itself determined that "[t]*here were no indications of drug use* [*by Phillips*]." C.R. at 32, 46-47 (emphasis added). Consequently, the Board's denial of street time credit because of Phillips' allegedly "[u]nresolved drug and alcohol issues[,]" which suggested that Phillips was still beset by substance abuse

8

problems, is not supported by substantial evidence and, thus, constitutes an abuse of discretion.[4]

### III. Conclusion

In light of the foregoing analysis, we reverse the Board's October 29, 2019 decision. We remand this matter to the Board, with instructions that it recalculate the maximum date of Phillips' March 2001 sentence to reflect both full credit for time served at liberty on parole and the maximum backtime of 490 days that Phillips could consequently serve on that sentence. In addition, we direct the Board to coordinate with the Pennsylvania Department of Corrections to ensure that Phillips receives proper credit towards his other, uncompleted carceral sentences for the time the Board caused him to serve in excess of the correct maximum date on his March 2001 sentence.[5]

_____
ELLEN CEISLER, Judge

---

[4] We do not address whether it was legally proper for Koch to decide, in an apparently unilateral manner without the input of any other Board members, to select "[u]nresolved drug and alcohol issues" as the reason for declining to award Phillips street time credit, as Phillips did not raise that specific issue before the Board and does not raise it before us now.

[5] In light of our resolution of this appeal in Phillips' favor, we need not address the remaining arguments he put forth for our consideration.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Phillips,            :
         Petitioner       :
                             :
      v.                       :    No. 1673 C.D. 2019
                             :
Pennsylvania Board of       :
Probation and Parole,        :
         Respondent     :

## **O R D E R**

AND NOW, this 18th day of December, 2020, it is hereby ORDERED that Respondent Pennsylvania Board of Probation and Parole's (Board) October 29, 2019 ruling, through which it denied Petitioner Derrick Phillips' (Phillips) administrative appeal of the Board's April 5, 2019 decision and dismissed as untimely Phillips' administrative appeal of the Board's July 20, 2017 decision, is REVERSED.

It is FURTHER ORDERED that this matter is REMANDED to the Board, with instructions that it, consistent with the foregoing opinion: (1) Recalculate the maximum date of Phillips' March 2001 sentence to reflect both full credit for street time and the maximum backtime of 490 days that Phillips could consequently serve on that sentence, and (2) Coordinate with the Pennsylvania Department of Corrections to ensure that Phillips receives proper credit towards his other, uncompleted carceral sentences for the time the Board caused him to serve in excess of the correct maximum date on his March 2001 sentence.

Jurisdiction relinquished.

 

_____
ELLEN CEISLER, Judge