Dominic DeMARCO, Petitioner,

v.

## PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 2000.

Decided Aug. 29, 2000.

William Ruzzo, Wilkes-Barre, for petitioner.

Susan M. Zeamer, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge, and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Dominic DeMarco (Petitioner) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief. We affirm.

On April 16, 1997, Petitioner was sentenced to one to five years for violation of the Controlled Substance Act. His minimum expiration date was December 28, 1997 and his maximum expiration date is December 28, 2001. Petitioner was first paroled on April 13, 1998. He was recommitted as a technical parole violator to serve ten months of backtime and was reparoled on April 6, 1999. A condition of his parole was to abstain from the use of controlled substances without a valid prescription. (Condition 5(a)). A special condition of his parole was to submit to random urinalysis testing.

On April 12, 1999, Petitioner submitted a positive urine sample for cocaine. At a conference on April 28, 1999, he admitted to the parole agent that the specimen he submitted on April 26, 1999 would also be positive. He was instructed to report twice a week to submit urine samples for the next thirty days.

On May 5, 1999, Petitioner submitted another urine sample. The test results, dated May 10, 1999, indicated a positive result for cocaine. On August 31, 1999, Petitioner was arrested for technical parole violations in that it was alleged that he violated conditions 3(a) and 5(a) of his parole.[1]

A parole revocation hearing was held on November 9, 1999. At the hearing Petitioner's counsel objected to the admission of the May 10, 1999, urinalysis report as being hearsay. The objection was overruled by the hearing examiner. Petitioner also presented testimony concerning an array of medications that he had been taking that, in his opinion, should have caused a "false positive" or should have shown up on the May 10th urinalysis report, but did not.

The Board issued a green sheet, mailed January 10, 2000, which recommitted Peti-

---

1. We note that at the revocation hearing the parole agent dropped the charge that Petitioner had violated condition 3(a) which concerned maintaining regular contact with the parole supervision staff by reporting regularly as instructed. Therefore, violation of that condition is not before this Court.

tioner to twelve months of backtime for violation of condition 5(a). The evidence relied upon by the Board was Petitioner's admission that his urine would test positive. Petitioner filed an administrative appeal with the Board which was denied by letter mailed February 9, 2000. The Board opined that the admission of the urinalysis, over Petitioner's objection, was harmless because the revocation was based on Petitioner's admission that he would have a positive urine test, not on the urinalysis report to which Petitioner had objected. Petitioner's petition for review to this Court followed.

■ Petitioner raises two issues for this Court's review: whether the Board erred when it based its decision on evidence that was not admitted during the parole revocation hearing and whether the Board erred when it admitted hearsay evidence over the objection of Petitioner.[2]

First, Petitioner argues that the Board erred when the urinalysis report proffered by the parole agent at the revocation hearing was not actually entered into the record by the hearing examiner. Petitioner argues that to be properly admitted, the report needed to be marked as an exhibit, shown to opposing counsel, shown to the witness, a foundation laid and then the document should have been moved for admission. Petitioner argues because these steps were not followed, the document was not admitted. The Board argues that Petitioner has waived review of this issue for failure to raise it at any time before the Board. After review of the record, we agree with the Board.

■ A review of the transcript of the revocation hearing does not reveal that an objection was made by Petitioner during the hearing that the document had not been admitted. This Court has held that failure to raise an issue when it arises results in a waiver of that issue. *Newsome v. Pennsylvania Board of Probation and Parole*, 123 Pa.Cmwlth. 413, 553 A.2d 1050 (1989). Petitioner cannot, however, be held responsible for failing to raise at the hearing the negative issue that the Board did not move to have its own evidence put into the record, since Petitioner could not foresee that such unadmitted evidence would be relied upon until after the hearing was over and he received the decision of the Board and could appeal therefrom. A review of Petitioner's request for administrative relief, however, does not reveal that Petitioner raised this issue in his appeal to the Board, either. It is well settled that failure to raise an issue before the Board results in a waiver of that issue and precludes this Court from review. *Id.* at 1052. Therefore, it is not because Petitioner failed to raise this issue at the hearing, but because Petitioner failed to raise this issue at any time on appeal before the Board, that review of the issue by this Court has been waived.

Petitioner also contends that the Board erred when it allowed the urinalysis report into the record over counsel's hearsay objection, without good cause to do so. The Board responds that because it did not rely on the urinalysis report, but instead relied on Petitioner's admission that a urine test would be positive, it did not err. The Board also contends that even had it relied on the urinalysis report, there still would be no error because 37 Pa.Code § 71.5(b) allows for the utilization of such lab reports if the panel or the examiner is satisfied as to their authenticity, relevancy, accuracy and reliability.[3]

---

2. Our review of the merits of this case is limited under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether necessary findings are supported by substantial evidence, an error of law was committed, or a constitutional right of the parolee was violated. *Pometti v. Penn-*

*sylvania Board of Probation and Parole*, 705 A.2d 953 (Pa.Cmwlth.1998).

3. The Board's regulation at 37 Pa.Code § 71.5(b) provides that:
   In hearings conducted under this chapter, documentary evidence and reports, including, but not limited to, depositions, written

This Court has found that while hearsay may be admitted in probation and parole revocation hearings, a decision to recommit a parolee as a technical parole violator may not be based solely on hearsay evidence. Moreover, the introduction of hearsay evidence at a revocation hearing, over counsel's objection where the hearing examiner fails to make a finding of good cause for admitting such testimony, constitutes reversible error. *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa.Cmwlth. 252, 477 A.2d 45 (1984).[4] In this case the Board admitted a urinalysis report over the hearsay objection of Petitioner's counsel. A review of the record from the revocation hearing reveals that the hearing examiner did not make any good cause finding to allow the hearsay evidence into the record over Petitioner's objection. Because the record does not contain a finding of good cause, the hearing examiner erred in allowing the urinalysis report into the record.

However, this does not end our examination. The Board contends that even if it was an error to allow the urinalysis report, because the report was not the basis for the parole revocation, but instead Petitioner's admission was the basis for the revocation, the admission of the report was harmless error.

In an interview with the parole agent, Petitioner admitted that a urine sample submitted on April 26, 1999, would be positive. . (Certified Record at 22). Petitioner did not challenge this evidence at the hearing, nor does he argue before this Court that he made no such admission. We have held that a parolee's admission to asserted parole violations constitute substantial evidence upon which to base a parole revocation order. *Pitch v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth.

114, 514 A.2d 638 (1986). A review of the Board's revocation order mailed January 10, 2000, indicates that the Board relied upon Petitioner's admission that his urine test would be positive to conclude that he had violated a condition of his parole. There is no indication that the urinalysis report was used by the Board in making its determination. Because the urinalysis report was specifically not used by the Board as substantial evidence to prove the parole violation, we conclude that in this case the admission of the urinalysis report was harmless error.

Accordingly, the Board's order committing Petitioner to twelve months backtime for violation of condition 5(a) is affirmed.

## ORDER

AND NOW, this 29th day of August, 2000, the denial of administrative relief by the Pennsylvania Board of Probation and Parole at No. 0999–X, mailed February 9, 2000, is affirmed.

---

interrogatories, affidavits, laboratory report, business records, public records, official records and letters rogatory, may be utilized solely, if the panel or examiner is satisfied as to their authenticity, relevancy, accuracy and reliability.

4. In addition, the Board's regulation at 37 Pa.Code § 71.2(11)(iv) that Petitioner has the right to cross-examine adverse witnesses, unless the hearing examiner specifically finds good cause for not allowing the confrontation.