IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc D. Petrucci,                          :
                                           : No. 54 C.D. 2016
                    Petitioner             : Submitted: June 10, 2016
                                           :
             v.                            :
                                           :
Pennsylvania Board of Probation and        :
Parole,                                    :
                                           :
                    Respondent             :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                            FILED:  August 17, 2016


          Marc D. Petrucci (Petrucci) petitions for review of the December 9, 2015 order of the Pennsylvania Board of Probation and Parole (Board), which affirmed its decision recommitting him as a technical parole violator (TPV) to serve nine months in a state correctional institution or contracted county jail (SCI/CCJ) under Section 6138 of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138.  Additionally, Donna M. DeVita, Esq., Assistant Public Defender of Lackawanna County, appointed counsel (Counsel), petitions for leave to withdraw. We grant Counsel leave to withdraw and affirm the Board's order.

          In October 2011, Petrucci pled guilty to two counts of theft of movable property, escape from detention, resisting arrest, forgery, and criminal

mischief – tampering with property, and received an aggregate sentence of three years, three months to ten years with a maximum sentence date of April 1, 2020. Certified Record (C.R.) at 1, 3.

In January 2014, the Board granted Petrucci parole. C.R. at 7-9. Petrucci executed the conditions governing his parole in March 2014, and was released two days later. C.R. at 10-13. After his release, Petrucci received a written warning and was directed to attend rehabilitation programming because he was found in possession and under the influence of drugs and alcohol. C.R. at 65. The Board issued a warrant in July 2014 when Petrucci's urine sample tested positive for opiates, cocaine, and alcohol. C.R. at 14.

Subsequently, the Board issued an administrative action that probable cause was established for technical violations related to drugs and alcohol, and that a violation hearing was being held in abeyance to allow Petrucci to complete the recommended programing. C.R. at 15. Throughout the next several months, Petrucci received written warnings and administrative conferences after his urine samples tested positive for drugs and alcohol. C.R. at 65-66.

In February 2015, the Board issued a warrant after Petrucci was observed under the influence of alcohol, admitted to consuming alcohol, and admitted to operating a motor vehicle while intoxicated. C.R. at 16, 66. The Board provided Petrucci notice of a hearing for possessing and consuming alcohol and for being "unsuccessfully discharged from treatment" from an out-patient drug and alcohol program. C.R. at 17, 66. Petrucci admitted to the charged violations and voluntarily waived his rights to a hearing and counsel. C.R. at 17-19.

In March 2015, the Board recommitted Petrucci as a TPV for six months to a SCI/CCJ based on alcohol consumption and failure to successfully

2

complete drug and alcohol counseling. C.R. at 35-36. However, the Board modified Petrucci's recommitment and released him just two months later in May 2015. C.R. at 37, 40.

Five days later, the Board issued a warrant after Petrucci was arrested on new charges of simple assault, disorderly conduct, harassment, and public drunkenness. C.R. at 41-42. Petrucci pled guilty to a summary offense of public drunkenness. C.R. at 67. The Board provided notice of a hearing and counsel which Petrucci voluntarily waived. C.R. at 43-44.

In August 2015, the Board issued a warrant for Petrucci for technical violations for the use of controlled substances without a valid prescription when his urine sample tested positive for suboxone. C.R. at 60-61. Petrucci, once again, admitted to drug use and voluntarily waived his rights to a hearing and counsel. C.R. at 63.

On September 9, 2015, the Board recommitted Petrucci as a TPV to serve nine months in a SCI/CCJ based on his drug use, prior parole failure, and his threat to the safety of the community. C.R. at 81-83. Petrucci filed an administrative appeal admitting guilt and arguing his nine-month recommitment was "too excessive." C.R. at 84.

On December 9, 2015, the Board affirmed its prior decision finding Petrucci demonstrated unmanageable behavior by his continued use of alcohol and drugs making him unamenable to diversion and resulting in his nine-month recommitment in a SCI/CCJ for a second technical parole violation. C.R. at 89.

Petrucci filed a *pro-se* petition for review arguing: 1) the Board abused its discretion when it recommitted Petrucci for nine months to a SCI/CCJ based on its conclusion that his use of drugs while on parole rendered him an

3

undue risk to public safety; and 2) the Board failed to hold a hearing on Petrucci's claim that he waived his right to a parole violation hearing in exchange for an off-the-record promise by his parole officer that the waiver would result in placement in a sixty-day program as a resident.

Thereafter, we appointed Counsel. Counsel filed an *Anders*[1] brief and an application for leave to withdraw as counsel, indicating she had notified and supplied Petrucci with the *Anders* brief and no-merit letter.[2]

First, we must address Counsel's application for leave to withdraw. When a court appointed attorney seeks leave to withdraw, she must procedurally: 1) notify the parolee of her request to withdraw; 2) provide the parolee a copy of the *Anders* brief or no-merit letter; and 3) advise the parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Banks v. Pennsylvania Board of Probation and Parole,* 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). Moreover, the *Anders* brief or no-merit letter must establish: 1) the nature and extent of her review of the case; 2) the issues the parolee wishes to raise; and 3) her analysis concluding the appeal has no merit and is frivolous. *Encarnacion v. Pennsylvania Board of Probation and Parole,* 990 A.2d 123, 126 (Pa. Cmwlth. 2010). Only after this is established, do we independently evaluate the proceedings before the Board to determine if the appeal is frivolous. *Id.*

The record demonstrates that Counsel notified Petrucci of her intention to withdraw; provided him with copies of the *Anders* brief and no-merit

---

[1] *Anders v. State of California,* 386 U.S. 738 (1967).

[2] Because Petrucci did not have a constitutional right to representation, Counsel was only required to file a no-merit letter with her application to withdraw, as opposed to an *Anders* brief. *Seilhamer v. Pennsylvania Board of Probation and Parole,* 996 A.2d 40, 42 (Pa. Cmwlth. 2010).

4

letter; advised him of his right to retain new counsel or proceed *pro-se*; and advised him that he may reply to her assertion of frivolousness or raise any additional points he deems worthy of review.

In the *Anders* brief, Counsel addressed Petrucci's first contention that the Board abused its discretion when it recommitted him to a SCI/CCJ for nine months based on his use of drugs while on parole and rendering him an undue risk to public safety. Citing *Baldelli v. Pennsylvania Board of Probation and Parole,* 76 A.3d 92, 96 (Pa. Cmwlth. 2013), Counsel explained that the Board maintains discretionary power to divert TPVs to a SCI/CCJ when an undue safety risk exists. Based on her review of the certified record and finding a history of parole violations, a summary conviction for public drunkenness, and an inability to refrain from consuming drugs and alcohol, Counsel recognized the Board's finding that Petrucci demonstrated unmanageable behavior and may be considered a threat to public safety was supported by the record.

Next, Counsel addressed Petrucci's contention that the Board failed to hold a hearing on his claim that he waived his right to a parole violation hearing in exchange for an off-the-record promise by his parole officer that the waiver would result in placement in a sixty-day resident program. Counsel explained that Petrucci did not raise this issue at the administrative level and, therefore, had not preserved the issue for appeal. Moreover, Counsel understood that Section 6138(d)(3)(ii) of the Code authorized a nine-month recommitment to a SCI/CCJ for a second-time parole violation, and concluded the appeal was frivolous and lacked merit.

Counsel's *Anders* brief and no-merit letter indicate she thoroughly reviewed the record; identified the issues Petrucci wished to raise; and conducted a

5

legal analysis concluding his appeal was meritless. Because we are satisfied that Counsel has complied with the technical requirements, we grant her leave to withdraw and will conduct an independent review to determine whether Petrucci's appeal[3] has merit. *Encarnacion,* 990 A.2d at 126.

The Board maintains broad discretionary powers and we will not substitute judicial discretion for administrative discretion in parole matters. *Green v. Pennsylvania Board of Probation and Parole,* 515 A.2d 1006, 1009 (Pa. Cmwlth. 1986). In reviewing the Board's discretionary acts, we will overturn the Board only where it acts in bad faith, fraudulently, capriciously or committed an abuse of power, and find it made an arbitrary, capricious or unreasonable determination only in the absence of substantial evidence. *Chapman v. Pennsylvania Board of Probation and Parole,* 484 A.2d 413, 417-18 (Pa. Cmwlth. 1984).

In *Baldelli,* 76 A.3d at 93, the parolee argued that the Board abused its discretion by recommitting him to a state correctional institution rather than diverting him to a community corrections center under Section 6138(c)(6)[4] of the

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Adams v. Pennsylvania Board of Probation and Parole,* 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

[4] Section 6138(c)(6) was added by the Act of October 27, 2010, P.L. 931, but was deleted and replaced with Section 6138(c)(1)(v) by the Act of July 5, 2012, P.L. 1050, effective January 2, 2013. Providing an exception when a TPV shall be recommitted to a SCI/CCJ, Section 6138(c)(1)(v) provides:

> (v) There exists an identifiable threat to public safety, and the parolee cannot be safely diverted to a community corrections center or community corrections facility.

**(Footnote continued on next page…)**

Code, and abused its discretion when it failed to hold a hearing on his assertion that he waived his right to a hearing and admitted technical violations because of his parole officer's "off-the-record" promise that in doing so he would be placed in a community corrections center. The Board found diverting the parolee from confinement would pose an "undue risk to public safety" based on his prior parole failure, his failure to comply with sanctions, and his technical violations, including use and possession of drugs, drug paraphernalia, and a weapon. *Baldelli,* 76 A.3d at 96. In affirming the Board, we held that it did not abuse its discretion and a hearing was not required to allow the parolee to impeach his prior signed statements. *Id.* at 101.

Here, the Board affirmed its prior decision recommitting Petrucci as a second-time TPV to serve nine months in a SCI/CCJ,[5] considering him a threat to the safety of the community because he demonstrated unmanageable behavior by his continued use of alcohol and drugs which made him not amenable to diversion. C.R. at 81, 89. The record includes repeated technical parole violations due to Petrucci's drug and alcohol use, driving under the influence of alcohol, multiple outpatient-treatment failures, new criminal charges of simple assault, disorderly conduct, harassment, and public drunkenness, and a guilty plea to public drunkenness. C.R. at 14, 15, 16, 17, 35, 43, 44, 47, 48, 49, 50, 51, 52, 60, 61, 65, 66, 67. Based on the evidence of record and the Board's discretionary authority

---

**(continued…)**

61 Pa. C.S. §6138(c)(1)(v).

[5] Addressing the recommitment of a TPV to a SCI/CCJ, Section 6138(d)(3)(ii) provides, "[f]or the second recommitment under this subsection for the same sentence, a maximum of nine months." 61 Pa. C.S. §6138(d)(3)(ii).

7

found in the Code, we cannot conclude the Board abused its discretion in recommitting Petrucci as a second-time TPV to serve nine months in a SCI/CCJ.

Finally, in his administrative appeal to the Board, Petrucci admitted guilt to a technical parole violation and argued that the recommitment for nine months was "too excessive." C.R. at 84. However, he never raised the issue that he now raises that the Board failed to hold a hearing on his claim that he waived his right to a parole violation hearing in exchange for an off-the-record promise by his parole officer that would result in placement in a sixty day program as a resident. "It is well settled that failure to raise an issue before the Board results in a waiver of that issue and precludes this Court from review." *DeMarco v. Pennsylvania Board of Probation and Parole,* 758 A.2d 746, 748 (Pa. Cmwlth. 2000); *Dear v. Pennsylvania Board of Probation and Parole,* 686 A.2d 423, 426 (Pa. Cmwlth. 1996) (holding that an issue not raised before the Board at a revocation hearing or administrative appeal cannot be considered for the first time on judicial appeal).[6]

Accordingly, we grant Counsel's petition to withdraw and affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

---

[6] Although we find the issue is waived, we have reviewed the record and note that a parolee is not entitled to a hearing where he subsequently argues that he executed the waivers and admitted to the violations in exchange for an off-the-record promise for placement into a diversionary program. *Baldelli,* 76 A.3d at 101; *Prebella v. Pennsylvania Board of Probation and Parole,* 942 A.2d 257, 261-62 (Pa. Cmwlth. 2008).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc D. Petrucci,                       :
                                        : No. 54 C.D. 2016
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of Probation and     :
Parole,                                 :
                                        :
                    Respondent          :


O R D E R


AND NOW, this 17<u>th</u> day of <u>August</u>, 2016, the application of Donna M. DeVita, Esq., Assistant Public Defender of Lackawanna County, for leave to withdraw as attorney for Marc D. Petrucci is GRANTED and the December 9, 2015 order of the Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge