# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tameka Evans, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1005 C.D. 2017 |
| | : | Submitted: February 23, 2018 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                              **FILED: April 2, 2018**

Tameka Evans (Inmate), an inmate housed in the State Correctional Institution (SCI)-Cambridge Springs, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying her request for administrative relief and affirming the Board's recalculation of the maximum date of her original sentence. Based on her 2015 convictions for two counts of possession with intent to deliver a controlled substance (PWID), the Board recommitted Inmate to serve 6 months' backtime as a technical parole violator (TPV) and 36 months' backtime as a convicted parole violator (CPV), to run concurrently. Inmate contends the Board erred in denying her credit for 41 days after she was paroled from her new sentence. Inmate also asserts the Board erred and violated her constitutional rights by recommitting her to serve an amount of backtime that exceeded the balance of her unexpired term and interfered with a judicial function by extending her sentence. In addition, Inmate argues the Board abused its discretion by failing to give her credit

for time spent at liberty on parole where she was not convicted of a violent crime or a crime requiring registration as a sex offender. Also before us is a motion to withdraw as counsel by Crawford County Assistant Public Defender Allison J. Rice (Counsel), alleging Inmate's petition for review is frivolous. We grant Counsel's motion to withdraw as appointed counsel and affirm the Board.

## I. Background

Inmate's original sentence of 3 years and 4 months to 8 years for her 2010 convictions for PWID and conspiracy, had a minimum date of September 13, 2012 and a maximum date of May 13, 2017. Certified Record (C.R.) at 1. The Board first paroled Inmate from her original sentence on March 18, 2013.

On August 18, 2014, the McKeesport Police Department and Board agents arrested Inmate during a compliance check of her residence when they discovered a large amount of heroin hidden in her apartment. See C.R. at 21-27. Consequently, the police charged Inmate with multiple counts of PWID. The same day, the Board lodged a detainer warrant against Inmate. Id. at 23.

In January 2015, Inmate pled guilty to two counts of PWID. Id. at 40-42. On April 16, 2015, the Court of Common Pleas of Allegheny County sentenced Inmate on the new charges to a minimum of 11 months and 29 days, to a maximum of 1 year, 11 months and 28 days, with an additional 4 years of probation (second sentence). Id. at 40.

2

Meanwhile, in March 2015, the Board considered Inmate's written waivers and admission concerning her guilty pleas, id. at 42, and it issued a decision recommitting Inmate to serve concurrent terms of 6 months' backtime for multiple TPVs and 36 months' backtime as a CPV for the two PWID counts. The Board did not award Inmate any credit for time spent at liberty on parole. Inmate filed a timely administrative appeal, which the Board dismissed.

In August 2016, the Board issued a decision recalculating the maximum date of Inmate's original sentence as November 21, 2019, and scheduling her re-parole review date in September 2018. Id. at 76-77. In response, Inmate filed an administrative appeal alleging the Board lacked the judicial authority to recalculate her original sentence. Id. at 83-96.

In June 2017, the Board issued a decision denying Inmate's administrative appeal and affirming its recalculation decision. C.R. at 97. The Board explained that it first paroled Inmate on March 13, 2013. Id. at 78, 97. At that time, Inmate had 1,517 days remaining on her original sentence. Id. The Board explained that as a CPV, she must serve the remainder of her original term as required by 61 Pa. C.S. §6138(a)(2). See C.R. at 97.

The Board further noted that it awarded Inmate 221 days credit toward her original sentence for the time she was detained solely by the Board (8/18/14 – 8/19-14 (1 day)); (9/08/14 – 4/16/15 (220 days)). C.R. at 78. Subtracting the 221 days credit from the 1,517 remaining on Inmate's original sentence reduced the amount of remaining time owed on her original sentence to 1,296 days. Id. at 97.

3

Adding 1,296 days to May 4, 2016, the date of Inmate's parole from her second sentence, resulted in a new maximum date of November 21, 2019. Id.

Inmate filed a timely petition for review. Upon application by Inmate for appointment of counsel, this Court appointed the Public Defender of Crawford County to represent Inmate on appeal. See Tameka Evans v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 1005 C.D.2017, order filed July 27, 2017).

In her petition for review, Inmate alleged the Board's decision violated several of her constitutional rights, including the prohibitions against double jeopardy in the Fifth Amendment and cruel and unusual punishment in the Eighth Amendment. In support of her argument, Inmate cited a published article by an inmate at SCI-Albion regarding his constitutional challenges to a Board order recalculating his original sentence. See Alonzo R. Boyd, Administrative Appeal Pursuant to Article 5, Section 9 of the Pennsylvania Constitution, GRATERFRIENDS – A PUBLICATION OF THE PENNSYLVANIA PRISON SOCIETY, May/June 2015, at 9, 15; Pet. for Review, Ex. B-1; C.R. at 83-85. Inmate's petition for review also raised a "Sentence Credit Challenge March 23, 2016 – May 6, 2017." Pet. for Review, ¶5b.

After entering her appearance and reviewing the record and Inmate's petition for review, Counsel filed a motion to withdraw as counsel. Counsel determined Inmate's petition lacked merit and thus constituted a frivolous appeal. Mot. to Withdraw at ¶1. Counsel indicated she provided Inmate with a copy of her motion to withdraw and a detailed no-merit letter outlining why Inmate's appeal

lacked merit.  Id. at ¶2.  Counsel further indicated that she advised Inmate of her right to retain new counsel, to proceed *pro se* (without counsel), and to raise any additional issues she deemed worthy of review.  Id. at ¶3.

Thereafter, Inmate, unrepresented by counsel, filed a brief in support of her petition for review.  In response, the Board filed a brief in support of its recalculation decision.

## II. Motion to Withdraw

We first address Counsel's motion to withdraw.  In Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), our Supreme Court held that in matters which are collateral to underlying criminal proceedings, such as parole matters, a counsel seeking to withdraw from representation of an inmate may file a no-merit letter that includes information describing the extent and nature of counsel's review, stating the issues the inmate requests to raise, and informing the Court of the reasons why counsel believes those issues lack merit.

To withdraw, appointed counsel must first meet the procedural requirements established by this Court in Craig v. Pennsylvania Board of Probation and Parole, 502 A.2d 758 (Pa. Cmwlth. 1985).  Pursuant to Craig, counsel must (1) notify the parolee of her request to the court to withdraw; (2) provide the parolee with a copy of her no-merit letter; and, (3) advise the parolee that she has the right to obtain new counsel and to submit to the court a brief of her own, raising any arguments that she may believe are meritorious.  Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006).  Further, in order to withdraw under Turner,

5

counsel's no-merit letter must substantively include: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and, (3) the analysis counsel used in reaching her conclusion that the issues are meritless. Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009).

Here, Counsel notified Inmate in her no-merit letter of her request to withdraw. Counsel also advised Inmate of her right to obtain substitute counsel, and Counsel informed Inmate she could submit a brief raising any additional issues she deemed worthy of review. Counsel also served this Court, the Board, and Inmate with a copy of her motion to withdraw and no-merit letter. Therefore, Counsel complied with the procedural requirements in Craig. Reavis.

Counsel's no-merit letter also meets the substantive requirements in Turner. The letter includes a statement indicating Counsel reviewed the record of Inmate's criminal convictions, sentences, and the parole proceedings before the Board. Counsel's letter also adequately addressed the issues raised in Inmate's petition for review. Counsel attached our decision in Boyd v. Pennsylvania Board of Probation and Parole (Pa. Cmwlth., No. 912 C.D. 2015, filed March 9, 2016), 2016 WL 9033243 (unreported), wherein we granted the Board's request for a remand based on its acknowledgment that its recommitment order exceeded the applicable presumptive range. The Board admitted it applied the wrong presumptive range for a Pennsylvania offense comparable to the appellant's Ohio drug possession convictions. Counsel explained to Inmate that Boyd was distinguishable from her case because the Board applied the wrong presumptive range based on an improper comparison of offenses. Counsel also pointed out that our decision in Boyd clarified

6

that Inmate's constitutional challenges to the Board's recommitment and recalculation orders have been repeatedly rejected by Pennsylvania's appellate courts.

Given the foregoing, we grant Counsel's motion to withdraw as appointed counsel. Reavis.

Having concluded Counsel's no-merit letter complied with Turner, we must now conduct an independent review to determine whether Counsel correctly characterized Inmate's appeal as having no merit. Reavis (citing Hill v. Pa. Bd. of Prob. & Parole, 707 A.2d 1214 (Pa. Cmwlth. 1998)).

### III. Merits of Appeal

To begin, we recognize that Inmate proceeded before the Board unrepresented by counsel. However, this does not excuse her from raising and preserving issues. Reavis. To that end, failure to raise an issue before the Board constitutes a waiver and precludes our review. Id. (citing DeMarco v. Pa. Bd. of Prob. & Parole, 758 A.2d 746 (Pa. Cmwlth. 2000)).

### A. 41-Day Credit Challenge

Inmate first contends the Board erred in denying her credit toward her original sentence for the 41-day period from the date of parole from her second sentence. Inmate incorrectly identifies that period as running from March 23 to May 6, 2016.

7

Our review of the record shows that the court sentenced Inmate on April 16, 2015, for her convictions on the new PWID charges. C.R. at 40. The Board's recommitment order shows Inmate was returned to the Board's custody on May 4, 2016, not on March 23, 2016. Id. at 78. The Board's final decision also states Inmate was paroled from her second sentence on May 4, 2016. Id. at 97. This date is corroborated by a Department of Corrections' report showing Inmate was returned to SCI-Cambridge Springs on May 6, 2016. Id. at 80. Furthermore, Inmate cites no documentation contradicting the certified record or otherwise indicating she was paroled on March 23, 2016.

An inmate is entitled to credit on her original sentence only for time in which she is incarcerated solely by reason of a Board detainer warrant lodged against her. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980); Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348 (Pa. Cmwlth. 2007). Here, the record shows Inmate was not paroled from her second sentence until May 4, 2016. This is the date correctly used by the Board in its recalculation computations. Therefore, we reject Inmate's contention that the Board erred in denying her 41 days' credit toward her original sentence for the period of March 23 to May 6, 2017.

**B. Validity of Recommitment and Recalculation**

Inmate next contends the Board erred by recommitting her to serve 36 months' backtime because a term of 36 months exceeded the remaining balance of her original sentence. Inmate further asserts the Board does not have the power to alter a judicially imposed sentence. As support, Inmate cites Davenport v. Pennsylvania Board of Probation and Parole, 656 A.2d 581 (Pa. Cmwlth. 1994),

8

where this Court determined the Board could not impose backtime that exceeded the remaining balance of the parolee's unexpired term. In Davenport, the Board recommitted the parolee, a CPV convicted of multiple counts of robbery, to serve 624 months' (52 years) backtime. This exceeded the parolee's original sentence of approximately 10 years by 42 years. Ultimately, we determined that the sum total of backtime imposed, added to the time served prior to parole, cannot exceed the total aggregate maximum sentence originally imposed by the sentencing court. See Davenport, 656 A.2d at 583-84.

Here, at the time of Inmate's initial parole on March 18, 2013, she had 1,517 days remaining on her original sentence. C.R. at 78, 97. Subtracting 221 days Inmate spent in custody solely on a Board detainer, Inmate owed 1,296 days on her original sentence. Id. This amount of time exceeded the 36 months' backtime imposed by the Board. Consequently, Davenport is not applicable here.

We also reject Inmate's constitutional challenge that the Board's recalculation encroached on a judicial function by altering a court-imposed sentence. Pursuant to 61 Pa. C.S. §6138(a)(2), if the Board recommits a parolee, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." (Emphasis added.) Our Supreme Court observed that statutes denying a parolee credit for time spent at liberty on parole, where the parolee is convicted of a criminal offense that he committed while in parole status, represent "a reasonable exercise of the penological responsibility" and do "not offend the constitutional guarantees"

9

afforded the citizens of Pennsylvania or the nation. <u>Young v. Pa. Bd. of Prob.</u> <u>&Parole</u>, 409 A.2d 842, 847 (Pa. 1979). In short, "a Parole Board is under no constitutional obligation to diminish the length of the sentence of a recommitted parole[e] by a period equal to the time when the prisoner was on parole." <u>Gaito</u>, 412 A.2d at 570 (citation omitted).

Further, "when the Board refuses to credit a [CPV] with time spent free on parole there is neither an usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." <u>Id.</u> More particularly, the Supreme Court explained (with emphasis added):

> Certainly, a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. <u>No constitutional question is involved in the [Board's] failure to give [appellant] credit for time on parole and its adjustment of the expiration date of his new maximum.</u>
>
> <u>The same reasoning that forces the conclusion that a denial of credit does not constitute an enhancement of a sentence so as to raise federal constitutional implications also supports the proposition that it does not affect the sentence in such a manner as would be offensive to the doctrine of separation of powers.</u> The position urged by appellant, if accepted, would produce an absurd result. While accepting parole as a legitimate penological method, it would prohibit the imposition of conditions upon which its effectiveness depends.
>
> * * * *
>
> <u>To allow a delinquent parolee to have the benefit of 'street time' during which he ignored the conditions of</u>

> parole would render parole impotent as a corrective device and would in fact lessen the judicially mandated period of custody. Thus appellant's position would create the very evil that he claims exists.
>
> Moreover, appellant's argument in support of his view is specious. To contend that an enhancement of the sentence is created because parole is another form of custody, ignores the fact that denial of credit is based upon appellant's failure to comply with the restraints during the parole period. Certainly, if there is compliance with the terms of parole, appellant's time spent in that status satisfies the prison requirement. It is only where he has ignored the restraints, which appellant argues must be considered a form of custody, that he can be recommitted without regard to the time he spent in the parole status.

Young, 409 A.2d at 847-48 (citations omitted).

In Davidson v. Pennsylvania Board of Probation and Parole, 33 A.3d 682 (Pa. Cmwlth. 2011), we applied the rationale in Young and determined the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. §6138 to recommit the appellant as a CPV with credit for the time served at liberty on parole.

In addition, as Counsel advised, Inmate's remaining constitutional challenges lack merit. See Gaito (Board's denial of time CPV spent at liberty on parole does not constitute bill of attainder, denial of due process or double jeopardy violation); Young (Board's recalculation of parolee's maximum expiration date under 61 Pa. C.S. §6138(a)(2) does not violate constitutional due process, separation of powers, equal protection or the prohibitions against double jeopardy, bills of attainder, cruel and unusual punishment and *ex post facto* laws). Consequently, we

11

dismiss Inmate's constitutional challenges to the Board's recommitment and recalculation orders.  Gaito; Young; Davidson.

### C. Credit for Street Time under 61 Pa. C.S. §6138(a)(2.1)

Before this Court, Inmate also contends the Board abused its discretion by not awarding her credit under 61 Pa. C.S. §6138(a)(2.1) for time she spent at liberty on parole because the crime she committed on parole was neither a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) nor a crime requiring registration under 42 Pa. C.S. Chapter 97 (relating to registration of sexual offenders).

In response, the Board argues Inmate waived her claim for credit for her street time by failing to raise this issue in her petitions for administrative review before the Board.  Section 703 of the Administrative Agency Law, provides (with emphasis added):

> **(a) General rule.**—A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon cause shown.

> **(b) Equitable relief.**—The remedy at law provided by subsection (a) shall not in any manner impair the right to equitable relief heretofore existing, and such right to equitable relief is hereby continued notwithstanding the provisions of subsection (a).

2 Pa. C.S. §703.  The Board also cites Pennsylvania Rule of Appellate Procedure 1551(a)(3), which provides (with emphasis added):

> **(a) Appellate jurisdiction petitions for review.—** Review of quasijudicial orders shall be conducted by the court on the record made before the government unit.  <u>No question shall be heard or considered by the court which was not raised before the government unit except</u>:
>
> * * * *
>
> (3) Questions which the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit.  If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.
>
> The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

Pa. R.A.P. 1551(a).

In support of its position that Inmate waived her challenge to its decision to deny her credit for the time she spent at liberty on parole, the Board asserts Inmate never raised this issue in her requests seeking administrative review. <u>See</u> C.R. at 83-96.  The Board further observes Inmate never argued that she could not raise this issue in her administrative appeal or that she need not exhaust her administrative remedies.  Therefore, the Board argues, the waiver exceptions in Pa. R.A.P. 1551(a) do not apply.

Generally, issues not raised before the Board in an administrative appeal may not be heard or considered by the reviewing court.  <u>McCaskill v. Pa. Bd.</u>

of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993). To that end, a parolee seeking administrative relief must "specifically set forth the facts and legal basis for which relief should be granted." Id. at 1095. In particular, the Board regulations require that administrative petitions for review present issues with accuracy, brevity, clearness and specificity. 37 Pa. Code §73.1(a)(3), (b)(2); Headley v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017) 2017 WL 1629441 (unreported).[1]

In Fryer v. Pennsylvania Board of Probation and Parole (Pa. Cmwlth., No. 145 C.D. 2014, filed October 28, 2014) 2014 WL 5456790 (unreported), this Court affirmed a Board decision dismissing as untimely a CPV's challenge to the Board's failure to consider crediting him for the time he spent at liberty on parole where he did not raise that issue in his administrative appeal.

Notably, however, in Pittman v. Pennsylvania Board of Probation and Parole, 159 A.3d 466 (Pa. 2017), our Supreme Court recently held that Section 6138(a)(2.1) requires that the Board articulate a basis for its decision to deny a CPV credit for time spent at liberty on parole. Here, as in Pittman, the Board, in denying Inmate credit for time she spent at liberty on parole, simply checked the "No" box. C.R. at 64. Had Inmate fairly raised a challenge to 61 Pa. C.S. §6138(a)(2.1) in her administrative appeal, she would have preserved this issue. See Smith v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 992 C.D. 2015, filed August 8, 2017) 2017 WL 3389014 (unreported) (inmate who challenged validity of Board's recalculation of his maximum date and the denial of credit for the time he spent at liberty on parole

---

[1] Pursuant to 210 Pa. Code §69.414, an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

entitled to a remand under Pittman for an adequate explanation why the Board denied him credit under 61 Pa. C.S. §6138(a)(2.1)).

However, Smith is distinguishable from the instant case. Because Inmate failed to raise, at the administrative level, any specific challenge to the Board's exercise of discretion to deny her credit for time she spent at liberty on parole, we find our decisions in Headley and Fryer persuasive on the waiver issue. In short, issues not raised by a CPV before the Board in an administrative appeal, will not be considered by the reviewing court. McCaskill.

## IV. Conclusion

For the above reasons, we discern no error or abuse of discretion in the Board's order affirming its recommitment of Inmate as a CPV to serve 36 months' backtime and its recalculation of Inmate's maximum date as November 21, 2019. Accordingly, we affirm. In addition, we grant Counsel's petition to withdraw as appointed counsel.

                                                _____

                                                ROBERT SIMPSON, Judge

15

# THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tameka Evans, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1005 C.D. 2017 |
| | : | |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

## **O R D E R**

**AND NOW**, this 2nd day of April, 2018, for the reasons stated in the foregoing opinion, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**. Further, Counsel Allison J. Rice's Motion to Withdraw is **GRANTED**.

_____
ROBERT SIMPSON, Judge