IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Allen,                                   :
                        Petitioner            :
                                              :
            v.                                :     No.  1273 C.D. 2019
                                              :     Submitted:  May 29, 2020
Pennsylvania Board                            :
of Probation and Parole,                      :
                        Respondent            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                             FILED:  September 18, 2020

            Eric Allen (Allen) petitions this Court for review of the Pennsylvania
Board of Probation and Parole's (Board)[1] order denying multiple requests for relief
related to his denial of parole and credit determinations.  In his counseled brief, Allen
presents two issues for review:  (1) whether the Board erred by denying him credit
for the two years he spent in custody in New York; and (2) whether the Board abused
its discretion by denying him credit for the time spent while at liberty on parole, and
in failing to state a sufficient reason for its denial.[2]  Upon review, we affirm.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[2] In his uncounseled petition for review, Allen also claimed the Board erred by denying him credit for the two non-consecutive periods of time he served in a Community Corrections Center.  However, as he neglects to brief the basis for this credit, it is waived.  *See* Pa.R.A.P. 2119. Also, nothing in the record indicates that Allen sought credit for this time prior to this appeal, so it is also waived for failure to raise that issue before the Board.  *See DeMarco v. Pa. Bd. of Prob. & Parole*, 758 A.2d 746 (Pa. Cmwlth. 2000).

# I. Background

On May 11, 2000, Allen was sentenced to serve two consecutive 5- to 10-year sentences, and one concurrent 1- to 7-year sentence for offenses committed in Lehigh County (Original Sentence). Certified Record (C.R.) at 1. At that time, his controlling minimum date was May 18, 2010, and his controlling maximum date was May 18, 2020. *Id*. Allen was paroled on April 10, 2014; however, his actual release date was June 23, 2014. C.R. at 8.

On March 7, 2015, Allen was arrested in Bethlehem, Pennsylvania, on a driving under the influence (DUI) charge. C.R. at 21. Following his arrest, Allen stopped reporting to his parole agent and the agent was unable to reach him via telephone or at his personal residence. *Id*. As a consequence, the Board declared Allen delinquent on March 9, 2015. C.R. at 13.

On November 12, 2015, following a traffic stop of a vehicle in which he was a passenger, Allen was arrested in New York for possession of a loaded firearm and possession of marijuana, both of which were found in the vehicle. C.R. at 16. The following day, the Board issued a warrant for Allen's arrest. C.R. at 14.

After spending almost two years in New York custody at Ryker's Island, on September 13, 2017, Allen pled guilty to the New York charges, for which he was sentenced to two, one-year sentences to be served consecutively. C.R. at 20, 23. Upon completing his New York sentence, on October 17, 2017, Allen was transferred to the State Correctional Institution (SCI) in Frackville to serve backtime on his Original Sentence.

In early February 2018, the Board held a parole revocation hearing, for which Allen waived his right to counsel. C.R. at 31. At that time, his DUI charges were pending.

On February 20, 2018, Allen pled guilty to his outstanding Bethlehem DUI and was sentenced to time served. C.R. at 45. On the same day, the Board issued a decision recommitting Allen to an SCI as a "Technical Parole Violator to serve 6 months, and as a Convicted Parole Violator [(CPV)] to serve 24 months concurrently, when available, pending receipt of information on outstanding criminal charges . . . ." C.R. at 40 (February 2018 Recommitment). However, the Board did not mail this decision until April 9, 2018. C.R. at 41.

Allen submitted a "Formal Complaint" to the Board dated July 12, 2018, raising a number of issues.[3] C.R. at 60-61. Specifically, Allen complained that his revocation hearing for the New York firearms charges and the DUI charge occurred on February 9, 2018, but he had "yet to receive a final decision." C.R. at 60. He claimed he served 9 months without receiving a decision, plus 23 months on the Board's detainer, which totaled 32 months when he was recommitted to serve only 24 months. He argued the Board's nine-month delay prevented him from participating in an early review program, and thus prejudiced his parole eligibility. *Id.* He also challenged the Board's failure to credit his Original Sentence with the two years he served in New York, asserting the New York sentence was to run concurrent to any sentence he was currently serving. C.R. at 61. The Board did not respond to this complaint.

---

[3] The Board received an identical "Formal Complaint" two days later. *See* Certified Record (C.R.) at 64-65.

To account for the DUI conviction, the Board issued another Order to Recommit on October 2, 2018. C.R. at 54. In this order, the Board utilized its discretion under Section 6138(a)(2.1) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2.1), to not award credit to Allen for his time spent at liberty on parole, totaling 167 days. *Id.* Specifically, the order stated Allen forfeited 167 days, and had a total of 2,442 days of backtime, making the new maximum date June 24, 2024. C.R. at 54-55. A Board decision was recorded on the same date, mailed on October 9, 2018, explaining that the Board "did not award credit to [Allen] for the time spent at liberty on parole for the following reason: Firearms Charges." C.R. at 56 (October 2018 Recommitment).

Subsequently, Allen submitted an "Administrative Remedies Form" with an attached memorandum. C.R. at 66. On the form, he checked the boxes for sentence credit challenge, error of law (timeliness), and recommitment challenge. In the memorandum, Allen again argued the Board erred in not granting him credit on his Original Sentence for the two years he served in New York because he was held simultaneously on the Board's detainer. C.R. at 67-70. In support, he cited *Santiago v. Pennsylvania Board of Probation & Parole*, 937 A.2d 610 (Pa. Cmwlth. 2007). While he did not dispute the recommitment for 24 months on his backtime, he challenged the new maximum sentence date of June 24, 2024. Again, the Board did not respond to this submission.

More than a year after submitting his Formal Complaint, Allen sent correspondence directed to legal counsel of the Board noting the Board's lack of response to his complaints. In the correspondence, received by the Board on June

4

25, 2019, Allen advised he filed his request for Administrative Relief "more than six months ago," and he still had not received a response from the Board. C.R. at 73.

Allen also submitted, by separate cover, an "Administrative Appeal," which the Board received on August 8, 2019. C.R. at 75. This appeal challenged the Board's July 10, 2019, decision to deny Allen parole following his revocation hearing. The Board denied parole based on a variety of factors, which encompassed risk to the community, unsatisfactory supervision history, failure to accept responsibility and behavior while incarcerated, including a reported misconduct of which Allen was subsequently cleared. C.R. at 75-112.

Finally, by letter dated August 23, 2019, the Board responded to the four submissions Allen sent between July 2018 and August 2019. C.R. at 113-14 (Response). After identifying each of Allen's submissions (Formal Complaint of July 2018, C.R. at 60-61; the Administrative Remedies Form of December 2018, C.R. at 66-70; Request for Response of July 2019, C.R. at 73; and Administrative Appeal of August 2019, C.R. at 75), the Board summarized the issues raised as follows: "1) not yet receiving [his] recalculations, 2) credit applied and [Allen's] recalculated max date, and 3) the decision to deny [Allen's] reparole." C.R. at 113. The Board advised it was treating his submissions collectively as "a petition for administrative review from the [B]oard actions recorded February 20, 2018 (mailed April 9, 2018), October 2, 2018 (mailed October 9, 2018), and July 10, 2019." *Id.*

With regard to the July 2018 "Formal Complaint" regarding the lack of a decision on his recommitment and the effect of parole revocation on his backtime,

the Board stated the issue was "moot as there was another Board decision recorded subsequently."[4] C.R. at 113. At the end of the letter, in smaller italicized print, the Board included appeal rights information, stating: "If you wish to appeal the decision to dismiss the matter as moot, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days of the mailing date of the Board's response." C.R. at 114. The Board enclosed a list of public defenders with the letter.

The Board then addressed Allen's challenge to its application of credit and recalculation of his maximum date. C.R. at 113. With respect to its October 2018 Recommitment, the Board admitted it erred in recalculating his maximum date following his return from New York custody on October 17, 2017. At that time, Allen had 2,275 days of backtime on his Original Sentence. With regard to his claim of backtime credit, the Board advised that Allen's recommitment as a CPV "authorized the recalculation of [his] sentence to reflect that [he] received <u>no credit for the time [he] w[as] at liberty on parole</u>. 61 Pa. C.S. §6138(a)(2). In this case, the [B]oard did not award you credit for time at liberty on parole. . . ." *Id.* (emphasis added). The Board explained its reason for denying credit as follows:

> On November 12, 2015[,] you were arrested for new criminal charges in New York. You did not post bail. On November 13, 2015[,] the Board lodged its detainer against you. You were sentenced on September 13, 2017[,] to a term of 1 year at count 1 and 1 year at count 2, to be served consecutively. You were available from your New York charges on October 17, 2017.

> Based on these facts, the [B]oard did not award backtime credit. This means you still had a total of 2275 days remaining on your [O]riginal [S]entence *{not 2442 days as initially calculated}*.

---

[4] The Board did not indicate the date or content of this subsequent Board decision; however, based on the record, it appears the decision in question is the October 2018 Recommitment.

6

*Id.* (emphasis in original). Therefore, "the [B]oard action mailed October 9, 2018[,] has been REVERSED in regards to the max date and your request for relief is GRANTED" in that the Board corrected his maximum date to January 9, 2024. C.R. at 114. Simultaneously, the Board issued an "Order to Recommit," also dated August 23, 2019, correcting its calculation to reflect 2,275 days of backtime, with a maximum parole violation date of January 9, 2024. C.R. at 116. The order indicated it denied credit for the 167 days Allen spent at liberty on parole (12/8/11 to 5/23/13) in its calculation. The order was accompanied by a Board action restating the changes to the earlier Board decisions as to the maximum date. It stated "the rest of the [B]oard action remains the same." C.R. at 118.

With regard to Allen's correspondence in July 2019 contesting the denial of parole, the Board advised that such decisions are not subject to review. C.R. at 114. Therefore, the Board took no action.[5]

Allen petitions this Court for review of the Board's Response.[6] *See* Pet. for Review, ¶11. In his petition, Allen claims the Board erred in denying him credit for time served in New York and for forfeiting his time spent at liberty on parole without stating a reason in its decision, in violation of the standards in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017).

---

[5] Another administrative appeal received August 12, 2019, appears identical to Allen's July 2019 submission to which the Board responded. Nonetheless, the Board issued a decision mailed August 28, 2019, noting that there is no right to appeal such a decision. C.R. at 159.

[6] Although Allen characterized his petition for review also as a complaint in mandamus, by order dated September 19, 2019, this Court confirmed that the matter is within our appellate jurisdiction. Additionally, Allen's court-appointed counsel titled his brief "Appeal from the Denial of an Administrative Appeal Pursuant to Title 37 Pa. [Code] §71.5(h)." Pet'r's Br. (cover page).

## II. Discussion

On appeal,[7] Allen claims he is entitled to credit on his Original Sentence for the two years spent in New York custody because the New York sentence was to be served concurrently with any sentence he was currently serving. Allen next argues the Board abused its discretion in failing to award him credit for the 167 days he spent at liberty on parole. He also contends that the Board did not articulate a reason for its denial of credit as required by *Pittman*.

The Board counters that the record does not support Allen's contention that his New York sentence was to run concurrent to his Original Sentence. As to its denial of credit for time spent at liberty on parole, the Board maintains the challenge is waived because Allen did not raise it in any of his administrative appeals.

### A. New York Sentence

First, we address Allen's argument that the Board erred by denying him credit for the time he spent incarcerated in New York from November 12, 2015, to October 17, 2017. C.R. at 23. In his brief, Allen represents that the New York sentence specified that this time was to be served concurrently with any other sentence he was currently serving. *See* Pet'r's Br. at 11. However, and relevant here, Allen does not cite anything in the record to support this claim, and the certified record does not contain a copy of the New York sentencing order.

---

[7] "Our review of the Board's decision is limited to determining whether constitutional rights were violated, whether the decision is in accordance with the law, or whether necessary findings are supported by substantial evidence." *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1138 n.9 (Pa. Cmwlth. 2016).

From our careful review, there is nothing in the record that substantiates Allen's claim that his sentence on the New York charges was to run concurrently with any other sentence he was serving on other convictions.[8] The Certificate of Disposition Indictment, dated October 24, 2017, specifies only that the charges of Criminal Possession of a Firearm and Criminal Possession of a Weapon, each of which carries a sentence of one year of imprisonment, were to be served consecutively with one another. C.R. at 20. There is no reference as to whether that two-year sentence was to be served concurrently or consecutively with any other sentence that Allen was currently serving or for which charges were outstanding. *Id*.

This Court has held that briefs "are not part of the evidentiary record and assertions of fact therein that are not supported by the evidentiary record may not form the basis of any action by this Court." *Jones v. Workers' Comp. Appeal Bd. (City of Chester)*, 961 A.2d 904, 909 (Pa. Cmwlth. 2008). Here, the only source for this credit is Allen's brief. *See* Pet'r's Br. at 11. Accordingly, this Court has no basis to disturb the Board's decision to deny credit on his Original Sentence for the two years he served on his New York sentence.[9]

---

[8] The New York documents in the record consist of the Arrest Report dated November 13, 2015 (C.R. at 15-18), one page of a seven-page facsimile from the Extradition Unit dated September 28, 2017 (C.R. at 19), and the Certificate of Disposition Indictment dated October 24, 2017 (C.R. at 20). It is unclear why the other six pages of the facsimile from the New York Extradition Unit are not part of the certified record as the page included (2 of 7) contains handwritten notes, one of which is underlined twice at the top stating: "6 pages." C.R. at 19. We note the record reflects Allen was sentenced on the New York charges on September 13, 2017. C.R. at 20.

[9] Nevertheless, it bears emphasis that New York does not have the authority to impose mandatory conditions on Pennsylvania sentences. *See Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003); *Fowler v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 67 C.D. 2013, filed Oct. 16, 2013), 2013 WL 5762355 (unreported).

**B. Credit for Time Spent at Liberty on Parole**

Next, Allen argues the Board abused its discretion in deciding not to award him credit on his sentence for the 167 days he spent at liberty on parole, *i.e.*, street time. Pet'r's Br. at 12. Allen asserts the Board failed to meet the *Pittman* standard by failing to articulate its reason for the credit denial.

In its brief, the Board did not articulate the reason for its denial of credit, or cite the record to show where it articulated such a reason, or argue that its reason, if articulated, was sufficient under *Pittman*. Rather, the Board contends that Allen waived his right to raise this argument because he did not address it in his Administrative Appeal. Resp't's Br. at 8-10.

After careful review of the record, we agree with the Board that Allen did not articulate a *Pittman* challenge to the denial of credit for his street time prior to filing his petition for review. Primarily, Allen challenged the denial of credit for the two years he served in New York, not for the period when he was at liberty on parole (167 days). Allen did not cite *Pittman* or argue the Board did not sufficiently explain a reason for denying discretionary credit for time spent at liberty on parole.

Although this Court hesitates to decide this issue on grounds of waiver given the unique administrative path of this credit challenge, there simply is no reference to the Board's credit denial of the 167 days in any of Allen's requests for relief. Allen did not mention or request credit for the 167 days in his Administrative Remedies Form despite that the October 2018 Order to Recommit stated: "Prior Parole Liberty Forfeited: 167D = 00Y 05M 15D." C.R. at 54.

The Board informed Allen of its denial of credit in the October 2018 Recommitment. There, the Board explicitly stated the reason for its denial of credit corresponding to the 167 days was: "Firearms charges." C.R. at 56. Significantly, there is no reference to the insufficiency of this reason until Allen filed his appellate brief to this Court.

It is well established that "issues not raised . . . before the Board in an administrative appeal are waived for purposes of appellate review by this court." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *see also Headley v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2017), 2017 WL 1629441 (unreported)[10] (checking box for "Sentence Credit Challenge" did not preserve credit issue when no credit period alleged, and no attachment indicating type of credit challenge); *Fryer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 145 C.D. 2014, filed Oct. 10, 2014), 2014 WL 5456790 (unreported) (alleging Board improperly credited time spent in custody did not preserve credit challenge as to time spent at liberty on parole, resulting in waiver of that credit challenge). *Cf. Plummer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No 1484 C.D. 2017, filed May 14, 2018), 2018 WL 2187872 (unreported) (rejecting Board's waiver argument as CPV specified credit period in administrative appeal). Here, Allen checked the box for "Sentence Credit Challenge" on his Administrative Remedies Form, stating "See Memorandum." C.R. at 74. The memorandum focused exclusively on his request for two years' credit for his New York sentence. Because Allen did not appeal the Board's credit denial in his Administrative Remedies Form, he may not challenge it for the first time in this appeal. *McCaskill*; *Fryer*.

---

[10] We cite this case for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

The Board's Order to Recommit is an administrative order subject to appeal through the administrative proceeding. Allen filed such an administrative appeal to the October 2018 Recommitment, but he neglected to identify any challenge to the credit denial for street time, or the reason articulated for the denial, *i.e.*, firearms charges. Also, and relevant here, Allen did not file an administrative appeal of the August 23, 2019 Order, despite that the Board stated: "If you wish to contest the new January 9, 2024[,] max date, you may file an administrative appeal/petition for administrative review from the [B]oard action recorded August 23, 2019." C.R. at 114. Indeed, the paragraph containing the administrative order is copied in full in the Order in Question section of Allen's brief. *See* Pet'r's Br. at 3.

Ultimately, the Board corrected its mathematical error in which it erroneously *added* the 167 days' street time to his backtime (2,275+167 = 2,442), thus extending his Original Sentence. *See* Response, C.R. at 113-14. Thus, to the extent the Board erred in calculating Allen's maximum date by misallocating the 167 days, it corrected that error in the August 23, 2019 Order to Recommit, as confirmed in the Board action reflecting that order. We discern no error by the Board in its calculation of Allen's maximum date.[11]

Having deemed Allen's *Pittman* challenge waived, we need not address the sufficiency of the Board's stated reason here.[12]

---

[11] Further, the decision to award credit to a CPV for time spent at liberty on parole is within the Board's discretion. Section 6138(a)(2.1) of the Code, 61 Pa. C.S. §6138(a)(2.1). Allen points to no abuse of discretion in denying him backtime credit for his street time.

[12] Nonetheless, we note that our Supreme Court did not prescribe criteria for a sufficient reason for a credit denial under Section 6138(a)(2.1) of the Code in *Pittman v. Pennsylvania Board*

12

## III. Conclusion

For the foregoing reasons, this Court affirms the Board.

_____
J. ANDREW CROMPTON, Judge

---

*of Probation & Parole*, 159 A.3d 466 (Pa. 2017).   Since the Court advised that the reason need not be extensive, and "a single sentence . . . is likely sufficient in most instances," *id.* at 475 n.12, this Court has reviewed several *Pittman* challenges to the sufficiency of the Board's reason. *See Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643 (Pa. Cmwlth. 2018); *Smoak v. Talaber*, 193 A.3d 1160, 1165 (Pa. Cmwlth. 2018).  We explained the Board's given reason must be "accurate and related to the parolee's offenses." *Marshall*, 200 A.3d at 650.  It should also be "documented by the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019). Although we do not decide the merits of Allen's *Pittman* challenge, the Board's stated reason here is accurate and supported by the record.  Also, in the context of a counsel's withdrawal application, this Court recognized the reason "firearms charges" as sufficient. *See Tres v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 828 C.D. 2018, filed June 3, 2019), 2019 WL 2400098 (unreported) (Board indicated arrest on firearms charge as reason for credit denial).

Moreover, *Pittman* provides that when exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a *contemporaneous* statement explaining its reason. The reason was provided in the October 2018 Recommitment as "firearms charges."  C.R. at 54. That was contemporaneous to the Order to Recommit in which the Board set forth its calculation of Allen's backtime, and listed the forfeiture of 167 days.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Allen, :
                Petitioner :
                   :
        v. : No.  1273 C.D. 2019
                   :
Pennsylvania Board :
of Probation and Parole, :
              Respondent :

# **O R D E R**

**AND NOW**, this 18th day of September 2020, the order of the

Pennsylvania Board of Probation and Parole is AFFIRMED.

 

_____
J. ANDREW CROMPTON, Judge